Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Proposed Counsel for Debtor
Professional Technical Security Services, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL TECHNICAL SECURITY SERVICES, INC. dba PROTECH BAY AREA,<br><br>Debtor. | Case No. 22-30062<br><br>Chapter 11<br><br>**MOTION OF DEBTOR FOR ORDER AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS**<br><br>Hearing Scheduled:<br>Date: TBD<br>Time:<br><br>**Remote appearances only.**<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic* |

Professional Technical Security Services, Inc. dba ProTech Bay Area, as debtor and debtor in possession (the "Debtor" or "ProTech") in the above-captioned chapter 11 case (the "Chapter 11 Case"), respectfully submits this motion for entry of an order authorizing the Debtor to continue using postpetition its existing accounts at Bank of America (the "Motion"). In support of the Motion, the Debtor represents as follows:

## I. JURISDICTION

The United States Bankruptcy Court for the Northern District of California (this "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and B.L.R. 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

The Debtor is a San Francisco-based security company, providing professional security guards and training to Bay Area residential and commercial properties. ProTech has approximately 500 employees and annual gross revenues in excess of $35 million.[1]

The Debtor filed this bankruptcy case on February 1, 2022 (the "Petition Date") primarily to address outstanding tax debts impacting its operations. The Debtor continues to operate its business as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

The Debtor's prepetition bank is Bank of America, where it maintains the following accounts in the ordinary course of its business operations (the "Accounts"):

| Account No. | Type of Account | Purpose of Account |
|---|---|---|
| -1925 | Checking | Used of pay ordinary business expenses, primarily online |
| -2808 | Checking | Used to pay ordinary business expenses, including via paper check |
| -2851 | Checking | Used for gas purchases for vehicles |
| -5191 | Checking | Payroll for guard employees |
| -7636 | Checking | Payroll for managers and administrative employees |
| -9492 | Checking | Oakland – local operating account |
| -4827 | Savings | 401(k) Plan |

---

[1] The facts set forth in this Motion are set forth in the accompanying *Declaration of Sergio Reyes, Jr. in Support of First Day Motions and Related Relief*.

## III. RELIEF REQUESTED

The Debtor is aware that it is the U.S. Trustee's policy to require the closing of all accounts existing as of the Petition Date and the opening of new accounts at certain authorized depositories. Bank of America is an authorized depository on the list provided by the U.S. Trustee. Requiring the Debtor to close the accounts would wreak havoc on its accounting systems, cause considerable disruption in the operation of the business, and adversely impact the Debtor's roughly 500 employees. For these reasons, the Debtor seeks an order of authorizing it to maintain the Accounts postpetition.

## IV. BASIS FOR RELIEF REQUESTED

The Court is authorized to grant the relief requested pursuant to section 105(a) of the Bankruptcy Code, which provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A request for authority to continue using existing cash management systems with respect to the bank accounts is considered a "simple matter" and bankruptcy courts routinely grant such requests. *See In re Baldwin United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also In re The Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (finding use of prepetition cash management system was consistent with Bankruptcy Code).

The Debtor's cash management system assists the Debtor in reconciling payments received and allows the Debtor to maintain control of and visibility into disbursements of the company, thereby efficiently monitoring the Debtor's transactions. The Accounts allow the Debtor to separately address various types of payroll and benefit accounts which directly impact employees. The Accounts also allow the Debtor to separately track different types of business expenses. One immediate reason to maintain the Accounts is that the Debtor's next ordinary payroll is scheduled February 3rd and 4th, just a few days after the filing of this Chapter 11 Case. The Debtor would not be able to close its existing accounts and open up a new account and obtain checks in time for the next payroll run. Additionally, customers often make payments for outstanding invoices by ACH and direct deposit methods and those methods of payment would be disrupted by the requirement to close the Accounts.

The Debtor can monitor the Accounts to make sure prepetition payments are not honored by the bank. The Debtor will work with Bank of America to ensure that it will not honor any payments for prepetition obligations from the Accounts, other than any Employee-related payments subject to the Debtor's First Day motion regarding prepetition wages and benefits filed concurrently with this Motion. The Debtor will also request that the bank modify the signature card to provide that the account is a DIP account.

In the ordinary course of business, the Debtor uses correspondence and business forms, including letterhead, purchase orders and invoices (collectively, the "Business Forms") which may reference the Accounts. The Debtor also requests authorization to continue using the Business Forms without modification or reference to its debtor in possession status. Requiring new or modified Business Forms creates an unnecessary and expensive burden on the estate.

As the Debtor does not maintain a separate tax account, it further requests a waiver of the U.S. Trustee requirement to establish a separate account for tax payment. (*See* UST Guideline 4.4.6). The Debtor believes it can monitor payments adequately through its current Accounts, particularly with the assistance of Bachecki, Crom & Co., LLP, which the Debtor's will promptly seek to retain postpetition as its accountant.

## V. EMERGENCY CONSIDERATION

The Debtor respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Allowing the Debtor to maintain the prepetition Accounts will prevent unnecessary disruptions in the Debtor's business operations at this critical juncture in the Chapter 11 Case. Without the requested relief, the Debtor is a significant risk of losing its valued Employees and services to its customers may be impacted. Accordingly, the Debtor respectfully submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## VI. RESERVATION OF RIGHTS

The Debtor reserves the right to revisit the issue of its bank accounts and cash management system at a later time postpetition, after the Debtor has retained and had an opportunity to consult with its proposed accountants, Bachecki, Crom & Co., LLP.

## VII. NOTICE

Notice of this Motion will be provided by email, facsimile, or overnight courier to: (i) the Office of the U.S. Trustee Region 17 (Attn: Timothy S. Laffredi, Esq.); (ii) the holders of the 20 largest unsecured claims against the Debtor; (iii) the Secured Parties; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is required. No prior request for the relief sought in this Motion has been made by the Debtor to this or any other court.

## VIII. CONCLUSION

Based upon the foregoing, the Debtor requests that the Court enter an order granting this Motion, allowing the Debtor to retain the use of the Accounts and Business Forms postpetition, and providing such other and further relief as the Court may deem just and appropriate.

Dated: February 1, 2022	FINESTONE HAYES LLP

By: /s/ Stephen D. Finestone
Stephen D. Finestone
Proposed Attorneys for Debtor Professional Technical Security Services, Inc. dba ProTech Security