Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Debtor
Professional Technical Security Services, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL TECHNICAL SECURITY SERVICES, INC., dba PROTECH BAY AREA,<br><br>   Debtor. | Case No. 22-30062<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF DAVID LEFKOWITZ IN SUPPORT OF APPLICATION TO EMPLOY BRICKELL AVENUE CONSULTING LLC AS CONTROLLER FOR THE DEBTOR**<br><br>Hearing:<br>Date:  March 3, 2022<br>Time:  10:00 a.m.<br>Judge: Hon. Hannah Blumenstiel<br>Place:  Remote appearances only |

I, David Lefkowitz, declare as follows:

    1.    I am the founder and managing member of Brickell Avenue Consulting LLC ("BAC"), a consulting firm which maintains it office at located at 1581 Brickell Ave., Unit 1603, Miami, Florida 33129-1238. In such capacity, and except as otherwise indicated herein, I have personal knowledge of the facts set forth below, and if called as a witness I could and would competently testify to the matters set forth in the declaration.

SUPPLEMENTAL LEFKOWITZ DECLARATION

1

2. I submit this supplemental declaration in further support of the application to the Debtor (the "Application") to employ BAC as its Controller post-petition and Debtor's reply to the U.S. Trustee's objection to the Application.

3. In December 2018, my former employer, Lefkowitz & Co., LLP, based in San Francisco, was retained by Debtor to provide tax and accounting services. Lefkowitz & Co., LLP then merged with TYS LLP in 2020, and TYS LLP continued to provide tax and accounting services to the Debtor. After the merger, I continued to work part-time for TYS LLP until December 2021. I founded BAC in 2020, and now work exclusively for BAC. BAC does work for Debtor and other clients.

4. The prepetition engagement agreement between BAC and Debtor, attached as Exhibit A to my original declaration [ECF No. 34, Exhibit A], was negotiated at arms-length with Debtor. Debtor had operated for some time without a replacement Controller and needed operational support. I was familiar with many aspects of Debtor's business operations from my prior work with Debtor and have experience as both a management consultant and certified public accountant. I also have experience in business restructuring. Working through BAC, I agreed to dedicate up to 20 hours per week to Debtor, the amount of time we estimated would be required, for a flat monthly fee of $8,500 plus expenses.

5. My hourly billing rate, absent such a flat fee agreement, is currently $450 per hour. Because of the ongoing and significant time expenditure needed for this project, both Debtor and I felt a flat fee arrangement was more appropriate.

6. In additional to the monthly fee discussed above, BAC is entitled to the reimbursement of expenses incurred in the providing services to Debtor. The expenses have been relatively minor to date. However, to properly support Debtor's operations, site visits will be periodically required. I anticipate traveling to San Francisco and working on site for a week every four months. I estimate the cost of each such trip to be about $3,850 including roundtrip coach airfare at approximately $1,450, hotel costs of approximately $1,900 ($475/night x 4 night max), meal costs of roughly $400, and local transportation of roughly $100.

SUPPLEMENTAL LEFKOWITZ DECLARATION
2

Case: 22-30062    Doc# 46    Filed: 02/22/22    Entered: 02/22/22 10:29:27    Page 2 of 3

7. I have reviewed the U.S. Trustee's objection to the Application and understand its concern regarding the unknown nature of the expenses to be reimbursed. BAC acknowledges and agrees that any expense it will ask Debtor to reimburse must: (1) reflect BAC's actual cost for such expense, (2) comply with the limits on expenses set forth in the Court's guidelines and (3) be properly documented. BAC further agrees to limit its expenses to a general cap of $250 per month plus the periodic travel expenses noted above.

8. I understand and acknowledge on behalf of BAC that although BAC's compensation may be preapproved by the Court under Bankruptcy Code section 328 and allowed to be paid on an ongoing basis during this case, BAC's compensation is still subject to review by the Court and may be altered at the conclusion of BAC's employment if "such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Executed on February 22, 2022 in San Francisco, California.

_____
David Lefkowitz

SUPPLEMENTAL LEFKOWITZ DECLARATION

3

Case: 22-30062   Doc# 46   Filed: 02/22/22   Entered: 02/22/22 10:29:27   Page 3 of 3