Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
kfineman@fhlawllp.com

Counsel for Debtor
Professional Technical Security Services, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL TECHNICAL SECURITY SERVICES, INC.<br>dba PROTECH BAY AREA,<br><br>Debtor. | Case No. 22-30062<br><br>Chapter 11<br><br>**MOTION REGARDING ASSUMPTION AND REJECTION OF NONRESIDENTIAL REAL PROPERTY LEASES AND RELATED RELIEF**<br><br><u>Hearing</u>:<br>Date: September 22, 2022<br>Time: 10:00 a.m.<br>Judge: Hon. Hannah L. Blumenstiel<br>Place: Remote appearances only<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic* |

Professional Technical Security Services Inc. ("Debtor") moves (the "Motion") for approval of the assumption or rejection of non-residential real property leases, as discussed below. This Motion is based upon the concurrently filed Notice of Hearing, the Declaration of Sergio Reyes, Jr. (the "Reyes Declaration") and such other and further evidence and argument to be submitted prior to or at the hearing on the Motion.

Debtor currently leases three non-residential real properties in the course of its business operations (collectively, the "Leases" or individually a "Lease"). Pursuant to section 365(d)(4)(A) of the Bankruptcy Code,[1] the deadline for Debtor to assume the Leases is August 30, 2022. In light thereof, Debtor hereby moves, pursuant to section 365(a) of the Bankruptcy Code, Bankruptcy Rules 3002 and 6006, and B.L.R. 6006-1, for the entry of an order approving:

1. Debtor's assumption of its lease for the property commonly known as 111 Sutter Street, Suite 550, San Francisco (the "Sutter Lease");

2. Debtor's assumption of its lease for the property commonly known as 1970 Broadway, Suite 840, Oakland, California (the "Oakland Lease"); and

3. Debtor's rejection of its lease for the property commonly known as 340 Pine Street, Suite 504, San Francisco (individually, the "Pine Lease").

Debtor reserves the right to modify its decisions regarding the assumption or rejection of each Lease prior to the hearing on the Motion, in light of the results from the pending sale of Debtor's assets as described below. Debtor also asks the Court to set a deadline for any claim related to the rejection of a Lease.

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and B.L.R. 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

The Leases are for three commercial office spaces. Managers and support staff—approximately 45 employees in total—work out of these offices. *See* First Day Declaration [ECF No. 6] at ¶ 8. Two of the offices are in San Francisco and one is in Oakland. Each office and corresponding lease are described below.

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California.

### A. Sutter Lease

Debtor's primary office is located at 111 Sutter Street, Suite 550, San Francisco (the "Sutter Office"). The Sutter Office has approximately 7,309 square feet of office space located in San Francisco's Financial District. Debtor leases the Sutter Office from CEP Investors XII LLC (the "Sutter Landlord") pursuant to the Sutter Lease dated July 15, 2016. The Sutter Lease commenced in March 2017 and expires March 2024. There is an option, however, to extend for one additional 5-year term. The current monthly rent due under the Sutter Lease is $49,629.39. The base rent increases by $1,205.98 in April 2023. A security deposit of $82,908.42 is held by the Sutter Landlord. The Sutter Lease is current with no outstanding balance owing.

### B. Oakland Lease

Debtor supports its Oakland-based clients through its office located at 1970 Broadway, Suite 840, Oakland (the "Oakland Office"). The Oakland Office has approximately 1,615 square feet of office space. The building is centrally located at 19th Street and Broadway, in Oakland's Uptown business district. Debtor leases the Oakland Office from Tower Building Investors (the "Oakland Landlord") pursuant to the Oakland Lease dated May 10, 2007 and subsequently amended on March 24, 2011, July 31, 2017 and September 1, 2021. The Oakland Lease expires on March 31, 2025. The current monthly rent due under the Broadway Lease is $5,520.00. The rent will increase to $5,686.00 in April 2023 and to $5,857 in April 2024 through the remainder of the term of the lease. A security deposit of $3,400.00 is held by the Oakland Landlord. The outstanding amount owing under the Oakland Lease is $17,360.00.

### C. Pine Lease

Debtor's secondary office in San Francisco is located at 340 Pine Street, Suite 504, San Francisco (the "Pine Office"). The Pine Office has approximately 2,164 square feet of office space and is about 3 blocks aways from the Sutter Office. Debtor leases the Pine Office from 340 Pine Street LLC (the "Pine Landlord") pursuant to the Pine Lease dated February 18, 2020. The Lease commenced on April 1, 2020 and is set to expire on October 31, 2023. The monthly rent currently due under the lease is $11,862.33. A security deposit of $12,217.58 is held by the Pine Landord. The Pine Lease is current with no outstanding balance owing.

## D. Bankruptcy Filing and Scheduled Sale of Debtor's Assets and/or Stock

On February 1, 2022, Debtor filed its voluntary petition for relief initiating this bankruptcy case (the "Petition Date"). Since the Petition Date, Debtor has focused on two primary objectives. First, Debtor has reorganized and refined its bookkeeping and accounting procedures. Second, Debtor has marketed itself for either an outside investment or sale.

Debtor recognized early on in this case that the bankruptcy estate's interest would be best served by the prompt marketing and sale of its assets and/or stock as a going concern (the "363 Sale"). On May 19, 2022, the Court entered an order approving Debtor's employment B. Riley Advisory Services as its Financial Advisor to represent the estate's interests in this sale process [ECF No. 103]. On June 21, 2022, Debtor brought a motion to approve bid and sale procedures for a proposed 363 Sale [ECF No. 128]. The Court entered an *Order Approving Sale Procedures* on July 14, 2022 [ECF No. 157] which was subsequently amended on August 14, 2022 {ECF No. 172] (as amended, the "Sale Procedures Order"). The pertinent dates for the 363 Sale process, as set forth in the Sale Procedures Order, are as follows:

- September 2, 2022 – Bid Deadline
- September 16, 2022 – Auction with Qualified Bidders participating
- September 22, 2022 – Hearing on motion by Debtor to approve the sale to the Successful Bidder from the Auction

As part of the 363 Sale, Debtor may assign any or all of its leases and executory contracts—included the Leases subject to this Motion—to the Successful Bidder at the Auction. After the Auction is held, Debtor will bring the motion to approve the resulting proposed sale to the identified Successful Bidder (the "Sale Motion"). Debtor will also bring a related motion to approve the assignment, pursuant to Bankruptcy Code section 365, of any leases or executory contracts identified by the Successful Bidder (the "Assignment Motion"). Debtor anticipates the Sale Motion, the Assignment Motion and the current Motion will be heard concurrently on September 22, 2022. It is unknown at this time whether the proposed sale will be of Debtor's assets or stock. It is further unknown whether the Successful Bidder, if any, will seek to assume the Leases or Debtor's other leases and/or executory contracts.

## III. RELIEF REQUESTED

Debtor believes the Sutter Lease and Oakland Lease are necessary for its continued business operations. To reduce expenses, Debtor will consolidate the operations currently housed at the Pine Office into the nearby Sutter Office. Accordingly, Debtor brings this Motion to assume the Sutter Lease and Oakland Lease and reject, and thereby terminate, the Pine Lease. Debtor further requests that the Court set a deadline for any claim arising from the rejection of any Lease. Debtor's present intention to assume the Sutter Lease and the Oakland Lease, while rejecting the Pine Lease, is based upon its business judgment as things now stand. Because a buyer of Debtor's assets or its equity may have different intentions with respect to the Leases, Debtor reserves the right to modify the proposed treatment in this Motion until the concurrent hearing on this Motion and the anticipated Sale Motion and Assumption Motion on September 22nd, or such later date as to which the noted motions may be continued.

## IV. BASIS FOR RELIEF

Section 365(a) of the Bankruptcy Code provides that a debtor-in-possession "subject to the court's approval may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Courts routinely approve motions to assume or reject executory contracts upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgement. *See, e.g., Durkin v. Benedor Corp. (In re G.I. Indus., Inc.),* 204 F.3d 1276, 1281 (9th Cir. 2000). Courts in the Ninth Circuit apply a broad reading of the business judgment rule, applying the presumption that "the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.),* 476 F.3d 665, 670 (9th Cir. 2007). Further, the Ninth Circuit has held the court "should approve rejection unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Id*.

In a Chapter 11 case, the debtor may generally assume or reject unexpired leases and executory contracts at any time prior to confirmation of the plan of reorganization. 11 U.S.C. §

365(d)(2).  However, the Bankruptcy Code imposes a stricter deadline for nonresidential real property leases.  Section 365(d)(4) provides that "an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected" if the debtor-in-possession does not assume or reject such lease by the earlier of (i) 210 days after the case filing or (ii) confirmation of the plan.  In this case, 210 days from the Petition Date will be August 30, 2022.  While section 365(d)(4)(B) allows the Court to extend this 210-day deadline for 90 days on the motion by the debtor or lessor for cause, such an extension is not necessary in this instance.  At or before the hearing on this Motion, the results of the 363 Sale process should be resolved.  Those results will determine whether Debtor will ultimately assume or reject the Leases.  Debtor believes the Sutter and Oakland Leases are necessary for the continued business operations—which Debtor anticipates is the goal of the likely Successful Bidder—but the Pine Lease is not.  For that reason, Debtor currently moves to assume the Sutter and Oakland Leases and reject the Pine Lease.  However, Debtor also reserves the right to (1) modify these choices in light of the results of the 363 Sale process and the desires of any Successful Bidder and (2) continue this Motion, and thus Debtor's assumption/rejection decision as to the Leases, if the Successful Bidder requires additional time to make such determination and the Assumption Motion is correspondingly continued.

In addition to the timing restrictions as to nonresidential real property leases, the Bankruptcy Code imposes further requirements for the assumption of an unexpired lease if there has been a default under such lease. 11 U.S.C. § 365(b)(1).  The debtor must both cure the defaults and provide adequate assurance of future performance.  *Id*.  There are, however, no such defaults as to either the Sutter or Pine Leases.  Debtor, therefore, asserts the cure amounts as to both are $0 and section 365(b)(1) is inapplicable as to those leases.  While there is a $17,360.00 cure amount owing as to the Oakland Lease, Debtor proposes to pay that amount in full upon the closing of the 363 Sale which, pursuant to the Sale Procedures Order, should occur within 5 days of the entry of the Court's order approving the sale.  If any of the Landlords disagree with the cure amounts noted here or the termination dates noted above as to their respective Lease, they must so state in an objection to this Motion.  Absent such objection, the cure amounts noted will be binding.  The adequate assurance of future performance under the Leases, if applicable, will depend upon the results of the 363 Sale.

The outstanding balance owing under the Oakland Lease was accumulated while the parties negotiated an extension during the unusual COVID commercial lease environment. The parties otherwise remain on good terms and Debtor provides security services for the building. If the sale is for Debtor's stock only and Debtor will continue its business operations, then such adequate assurances will be from Debtor's continued operation and improved financial position. If the sale is for Debtor's assets, with the assignment of any of the Leases, then the adequate assurances will come from the evidence presented as to the financial capability of the Successful Bidder as set forth in the Assumption Motion. Either way, the additional requirements of 365(b)(1) will necessarily be met by the hearing on this Motion.

In connection with the Leases, Debtor also requests that this Court, pursuant to Bankruptcy Rule 3002(c)(4), establish 30 days after entry of an order granting this Motion as the deadline for a landlord for the Leases to file a claim based upon its rejection, if applicable.

## V.  CONCLUSION

For the reasons stated above, Debtor respectfully requests that the Court enter an order:

1. Granting the Motion;

2. Approving the assumption of the Sutter Lease and the Oakland Lease, and the rejection of the Pine Lease, subject to Debtor's reservation of the right to modify these designations at or before the hearing (or any continued hearing) in light of the result of the 363 Sale;

3. Establishing 30 days after entry of an order granting this Motion as the deadline for filing any claim arising from rejection of any of the Leases; and

4. For such other and further relief as the Court deems appropriate.

Dated: August 25, 2022                    FINESTONE HAYES LLP

By: */s/ Kimberly S. Fineman*
Kimberly S. Fineman
Attorneys for Debtor Professional Technical
Security Services, Inc. dba ProTech Security