Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
kfineman@fhlawllp.com

Counsel for Debtor
Professional Technical Security Services, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL TECHNICAL SECURITY SERVICES, INC., dba PROTECH BAY AREA,<br><br>    Debtor. | Case No. 22-30062<br><br>Chapter 11<br><br>**DECLARATION OF SERGIO REYES, JR. IN SUPPORT OF DEBTOR'S SALE MOTION**<br><br><u>Hearing Date</u>:<br>Date:   TBD<br>Time:<br>Judge: Hon. Hannah L. Blumenstiel<br>Place:  Remote appearances only<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic* |

I, Sergio Reyes, Jr., declare as follows:

1.    I am the Chief Executive Officer of Professional Technical Security Service, Inc. ("Debtor"). Except as otherwise indicated herein, the facts set forth in this declaration are based upon my personal knowledge and my review of relevant documents. If called upon to testify, I could and would competently testify to the facts set forth in this declaration.

REYES DECLARATION 1

2. I submit this declaration is support of *Debtor's Motion for Entry of Order (i) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, (ii) Approving the Assignment of Executory Contracts, (iii) Allowing Payment of Compromised Fee to B. Riley Upon Closing and (iv) Granting Related Relief* filed concurrently herewith (the "Sale Motion").

3. Although this bankruptcy case has allowed Debtor to improve its bookkeeping and better quantify its outstanding debts, Debtor has, unfortunately, continued to operate at a net loss of roughly $500,000 per month post-petition. In light thereof, we quickly determined that a sale would be in the best interests of the stakeholders in this bankruptcy case (the "363 Sale").

4. In May, Debtor brought an application to employ B. Riley Advisory Services ("B. Riley") to serve a Debtor's Financial Advisor for the 363 Sale. That application was approved on May 19, 2022.

5. Since that time, both myself and other Debtor's representatives have worked extensively with B. Riley and Debtor's counsel to market its stock and/or assets.

6. On June 21, 2022, Debtor filed *Debtor's Motion to Approve Bid and Sale Procedures and Related Relief* (the "Sale Procedures Motion"). On July 14, 2022, the Court granted the Sale Procedures Motion and entered its *Order Approving Sale Procedures* (the "Sale Procedures Order"). The Sale Procedures Order sets forth certain deadlines related to the 363 Sale.

7. The first deadline set by the Sale Procedures Order was the Bid Deadline. As that deadline approached, it was clear that additional time was needed for prospective bidders to come to the table. The Bid Deadline was extended to September 9, 2022, through stipulations with the Creditors Committee and secured creditor City National Bank and orders approving such stipulations.

8. Debtor received two offers by the Bid Deadline—one by Paladin Security ("Paladin") and one by a local competitor (the "Second Offer").

9. Paladin's offer was a firm offer and proposed closing shortly after the approval of the sale. The Second Offer has several inherent flaws which, despite extensive efforts by

REYES DECLARATION 2
Case: 22-30062    Doc# 190    Filed: 09/12/22    Entered: 09/12/22 22:34:40    Page 2 of 4

Debtor's counsel and B. Riley, the bidder was not willing or able to timely resolve.

10. Although the results were not as I would have hoped after dedicating my career to Debtor since its founding in 1994, I believe B. Riley and the rest of Debtor's team in this case did their very best to market the Debtor's assets and maximize the return for stakeholders. Paladin's offer represents, in my opinion, the best return Debtor can attain in the limited time available given Debtor's continued operating losses. A sale to Paladin is, in my business judgement upon consultation with Debtor's advisors, in the best interest of the bankruptcy estate and all stakeholders.

11. Paladin has no prior relationship with Debtor or myself.

12. Paladin has required that I agree to stay on with Paladin after the sale and I am willing to do so to facilitate the sale. The terms of my retention by Paladin have yet to be finalized, but I am comfortable that an agreement will be reached based upon my initial discussions with Paladin's CEO.

13. I am informed and believe that Paladin may want to have the Sutter Lease and Oakland lease assigned to it as part of the 363 Sale, but that Paladin requires additional time to consider such assignments.

14. It my understanding that the net Purchase Price from the proposed sale to Paladin will be roughly $4.6 million. I am informed and believe that the compensation owing to B. Riley taking into account that anticipated purchase price would be approximately $375,000.

15. I have been informed by Debtor's counsel and believe that the purchase price from the 363 Sale will not provide enough funds to pay all professionals fees incurred in this case.

16. In light of this deficiency, I am informed and believe that B. Riley has agreed to accept a reduced fee paid upon closing as a compromise. B. Riley has agreed to accept a reduced total fee of $175,000, in addition to its $25,000 retainer, plus out-of-pocket expenses estimated to be between $3,500 and $4,000 paid upon closing of the 363 Sale (the "Stipulated B. Riley Fee). The fees, if approved, would be paid out of the proceeds of sale after closing. In my best business judgment on behalf of Debtor, I believe this proposal is a benefit to the estate and is justified under the circumstances. Without the agreement, B. Riley's fees will be considerably

higher and will be part of the administrative claim pool. In return for payment soon, B. Riley will waive a significant portion of its fees. For these reasons, the Sale Motion also asks that the Stipulated B. Riley Fee be approved as part of the proposed sale.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Executed on September 12, 2022 in San Francisco, California.

*Sergio Reyes*
Sergio Reyes, Jr.