Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Debtor
Professional Technical Security Services, Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PROFESSIONAL TECHNICAL SECURITY SERVICES, INC.<br>dba PROTECH BAY AREA,<br><br>Debtor. | Case No. 22-30062<br><br>Chapter 11<br><br>**DECLARATION OF STEPHEN D. FINESTONE IN SUPPORT OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR NOTICE OF A HEARING ON SALE MOTION**<br><br><u>Requested Hearing</u>:<br>Date: September 22, 2022<br>Time: 10:00 AM<br>Ctrm: Tele/videoconference<br><br>**Remote appearances only.** |

I, Stephen D. Finestone, declare as follows:

1. I am admitted to practice law in the State of California and before this Court. I am a partner at Finestone Hayes LLP, counsel to Debtor Professional Technical Security Services, Inc. ("Debtor"). I make this declaration in support of the *Ex Parte Application for Order Shortening Time for Notice of Hearing on Sale Motion* (the "Application"). I have personal knowledge of the facts set forth below, except those stated on information and belief, and as to those facts, I am

informed and believe them to be true. If called upon to testify as a witness, I could and would competently testify to those facts.

1. Since the initial status conference in May, Debtor has pursued a sale of (i) up to 100% of its stock and/or (ii) substantially all its assets under pursuant to Bankruptcy Code section 363 (the "363 Sale").

2. On June 21, 2022, Debtor filed *Debtor's Motion to Approve Bid and Sale Procedures and Related Relief* (the "Sale Procedures Motion") [ECF No. 128].

3. On July 14, 2022, the Court granted the Sale Procedures Motion and entered its *Order Approving Sale Procedures* (the "Sale Procedures Order") [ECF No. 157].

4. The Sale Procedures Order sets forth certain deadlines related to the 363 Sale. By the stipulation of the Committee, City National Bank and Debtor, and orders approving such stipulations, one such deadline—the Bid Deadline—was subsequently extended to allow additional time for interested parties to formulate their offers [ECF No. 171, 172, 184 and 185]. No other deadline was altered in the Sale Procedures Order.

5. The Bid Deadline, as extended, was Friday, September 9, 2022. As set forth in the Sale Motion, Debtor only received one qualifying offer by the Bid Deadline. That offer was from Paladin Security Group Ltd. ("Paladin"). The Sale Motion seeks: (i) the approval of the sale to Paladin, (ii) the authorization to assign executory contracts or leases to Paladin as part of such sale, (iii) allowing the payment of a compromised fee to B. Riley upon closing and (iv) other related relief.

6. Paragraph 5 of the Sale Procedures Order provides: "The Court shall conduct a hearing on the Sale Motion and any related motion by September 22, 2022 at 10:00 am. (the "Sale Hearing"). Absent entry of an order shortening time, Debtor shall notice the Sale Motion pursuant to B.L.R. 9014-1(c)(2)."

7. Notice pursuant to B.L.R. 9014-1-(c)(2) requires 21 days' notice. However, given the extension of the Bid Deadline, there is now only 10 days before the Sale Hearing designated in the Sale Procedures Order.

8. All parties have been on notice of the Sale Hearing date since the hearing on the Sale Procedures Motion on July 14, 2022. The principal parties-in-interest—the Committee, City National Bank and the IRS—have been actively updated on the developments related to the 363 Sale.

9. On September 12, 2022, I reached out via email to the following parties regarding this requested shortened time: (i) Randye Soref, counsel for secured creditor City National Bank (ii) Daren Brinkman, counsel for the Committee, (iii) Jared Day and Trevor Fehr of the Office of the U.S. Trustee, and (iv) Aixa Kassim and attorney Cameron Carr, on behalf of the IRS. Counsel for City National Bank advised me that her client does not object to shortening time or the proposed date for objection. I did not receive a response to my request from counsel for the Committee or the United States Trustee. I included the request regarding the shortening of time to the IRS with ongoing discussions about the sale. I did not receive a specific response to the request but I do not believe the IRS objects to it. I base this opinion on the emails in which we discussed various aspects of the sale, including the need to move quickly for court approval and prompt closing of the sale transaction.

I declare under penalty of perjury that the forgoing is true and correct. Executed on September 12, 2022 in San Francisco, California.

*/s/ Stephen D. Finestone*
Stephen D. Finestone