Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Debtor
Professional Technical Security Services, Inc.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL TECHNICAL SECURITY SERVICES, INC. dba PROTECH BAY AREA,<br><br>Debtor. | Case No. 22-30062<br><br>Chapter 11<br><br>**DEBTOR'S UPDATE ON STATUS OF SALE CLOSING, LEASES AND POST-CLOSING MATTERS**<br><br>Date: November 17, 2022<br>Time: 10:00 a.m.<br>Judge: Hon. Hannah L. Blumenstiel<br><br>**Remote appearances only.**<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic* |

Professional Technical Security Services Inc. ("Debtor") files this update to apprise the Court and parties-in-interest of the status of various matters in the case, including the sale of substantially all of Debtor's assets to PalAmerican Security (Bay Area) Inc. ("PalAmerican"), and the pending Lease Motion [Doc No. 180]. The continued hearing on the Lease Motion is scheduled for November 17, 2022 at 10:00 am.

**Sale Update:**

On September 29, 2022, the Court entered an order approving the sale of substantially all of the Debtor's assets to PalAmerican Security (California) Inc. ("Buyer"), or its authorized designee (the "Sale Order") [Doc. No. 221]. Pursuant to the Asset Purchase Agreement (the "APA") approved by and attached to the Sale Order, the deadline for closing of the sale was November 1, 2022. APA § 13.1.

The sale transaction closed on November 1, 2022, and Buyer paid Debtor $3,789,925.71 (the "Initial Closing Payment") based upon the amount of the current accounts receivable under 90 days of $1,645,577.41, the unbilled work in progress ("WIP") totaling $1,044,348.30 and the contractual premium of $1,100,000. Pursuant to the parties' agreement, the Initial Closing Payment is to be supplemented with a further payment once Debtor and the Buyer "true up" the accounts receivable and WIP as of October 31, 2022 (the "True-Up Payment"). The Debtor and Buyer have exchanged information and are still refining the final figure for the True-Up Payment. Debtor's current estimate is that the True-Up payment will be approximately $375,000-$385,000. Debtor will file a Report of Sale, with the final calculations, as soon as these reconciliations are complete. Debtor's employees' last day was October 31, 2022. On November 1, 2022, PalAmerican began servicing Debtor's former customers and employed most of Debtor's former employees. Also on November 1st, PalAmerican also took possession of Debtor's business offices at 111 Sutter Street, Suite 550, San Francisco (the "Sutter Office") and at 1970 Broadway, Suite 840, Oakland (the "Oakland Office").

**Post-Sale Matters:**

From the sale proceeds, Debtor promptly paid City National Bank ("CNB") approximately $599,000. A dispute remains outstanding with regard to CNB in that it asserted as part of its payoff demand an attorneys' fee claim of $240,000. Debtor contended that the fee demand was excessive, particularly as Debtor had never disputed CNB's claim. Debtor agreed to pay $100,000 toward the attorneys' fees in the payoff demand and did not dispute any other charges in the demand. If CNB continues to seek recovery of the unpaid balance of the attorneys' fee claim from the Debtor, the parties will need to set up a schedule for resolving the dispute.

Under the Sale Order and APA, PalAmerican was allowed to designate whether or not it wanted Debtor to assume and assign to PalAmerican an executory contracts or unexpired leases. The only two such contacts under consideration by PalAmerican at the time closing were the leases for the Sutter Office and the Oakland Office. PalAmerican affirmatively declined any of the remaining contracts.[1] Since closing, PalAmerican has advised Debtor that it does not want to assume the Sutter Office lease and Debtor request that the Court enter an order approving the rejection of the Sutter Office lease effective November 30, 2022 and establishing a 30-day deadline for the landlord to file any rejection claim. PalAmerican recently advised the Debtor that it wants Debtor to extend the Oakland Office lease through December 31, 2022, to allow further consideration over the assumption or rejection. Pursuant to the transition services agreement between the parties, PalAmerican will cover the costs associated with Debtor's continued occupancy of the Oakland Office. Debtor, therefore, requests that the Court set a continued hearing on the assumption/rejection of the Oakland Office lease in the latter part of December.

As the Court is aware, the Official Committee of Unsecured Creditors (the "Committee") objected to aspects of the Sale Order. The Court overruled the Committee's objections after a hearing at which its counsel did not appear. The Committee appealed the order overruling its objections and the related Order approving the stipulation between Debtor and the IRS[2]. The Committee applied for an order shortening time to hear a motion for a stay pending appeal. This Court denied the application. The appeal is now pending before the BAP and the appellate court set a briefing schedule on the matter.

Two final matters to bring to the Court's attention: i) after the True-Up Payment is made, Debtor anticipates filing a declaration from B. Riley Advisory to provide additional information upon which the Court may consider the proposed compromise of its fee claim; (ii) pursuant to the APA, Debtor filed an amendment of its corporate name to PTSS, Inc. in Delaware and filed a motion

---

[1] PalAmerican also opted not to acquire the two vehicles owned by Debtor but subject to financing agreements with Toyota Motor Credit.

[2] The Committee appealed the agreement regarding the payment of B Riley Advisory's compromised fee claim, even though the Court has not approved that aspect of the agreement.

to change the case caption to reflect its new name. The motion was filed as a "scream or die" motion and absent objection, Debtor anticipates uploading an order granting the motion on or about December 1, 2022.

Dated: November 16, 2022          FINESTONE HAYES LLP

By:    */s/ Kimberly S. Fineman*
Kimberly S. Fineman
Attorneys for Debtor Professional Technical
Security Services, Inc. dba ProTech Security