Stephen D. Finestone (125675)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Debtor PTSS, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PTSS, Inc. (fka Professional Technical Security Services, Inc.), a Delaware corporation,<br><br>　　　　Debtor. | Case No. 22-30062<br><br>Chapter 11<br><br>**DEBTOR'S STATUS CONFERENCE STATEMENT**<br><br>Status Conference:<br>Date: January 5, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Hannah L. Blumenstiel<br><br>**Remote appearances only.**<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19* |

PTSS, Inc. ("Debtor") files this Status Conference Statement to advise the Court of the material developments since the last Status Conference on September 22, 2022 (the "Prior Status Conference"). The Prior Status Conference was heard concurrently with Debtor's (1) motion for an order authorizing the sale of substantially all of the Debtor's assets free and clear of liens (the "Sale Motion") [ECF No. 189] and (2) motion regarding assumption and rejection of

nonresidential real property leases and related relief (the "Lease Motion") [ECF No. 180]. After the September 22nd hearing, the Court entered two Docket Text Orders. The first docket order continued the Status Conference to January 5, 2023. The second docket order addressed the motions and set a special status conference for October 25, 2022 (the "Second Docket Order").

1. <u>Special Status Conference on October 25, 2022</u>. The Second Docket Order approved the Sale Motion but reserved for separate order(s) the disposition of the sale proceeds beyond those to be paid to secured creditor City National Bank ("CNB") on account of its undisputed security interest. This reservation was made to accommodate further consideration of the limited opposition filed by the Committee, contesting the payment of the balance of the sale proceeds, excepting two negotiated carveouts, to the IRS on account of its second-position security interest (the "Limited Opposition") [ECF No. 212]. The Second Docket Order set a further hearing on October 25, 2022 at 10:00 a.m. for (1) a status conference concerning the disposition of sale proceeds received by Debtor beyond those paid to CNB on account of its undisputed lien and (2) the Lease Motion.

The Second Docket Order further directed the Debtor and/or the IRS to file, on or before October 4, 2022, either a statement indicating the Committee's limited opposition had been resolved or a "brief setting forth their arguments as to whether and to what extent the IRS' pre-petition statutory lien attaches to [Debtor's] post-petition acquired assets." If the Limited Opposition was still contested, the Committee would then file a sur-reply on or before October 18th and the Court would hear the matter on October 25th. Shortly after the September 22nd hearing, the IRS advised Debtor that it stood by its asserted security interests and continued to contest the Committee's Limited Opposition. As directed by the Court, supplemental briefs were submitted by the IRS and Debtor on October 4, 2022 [ECF No. 227 and 225 respectively], and by the Committee on October 18, 2022 [ECF No. 231].

On October 18, 2022, Debtor also filed an additional statement for the specially set status conference [ECF No. 229]. In that statement, Debtor requested that the hearing on the Lease Motion be further continued until after the closing of the sale to allow additional time for the buyer to consider whether it wanted Debtor's commercial office space leases assigned. The Court

continued the hearing on the Lease Motion to November 17, 2022.

2. <u>Entry of Sale Order</u>. Immediately following the September 22nd hearing, Debtor worked with counsel for CNB, the Committee, Pal American Security (Bay Area) Inc. ("Buyer"), and the IRS to finalize a proposed form of order on the Sale Motion. On September 28, 2022, the Court held a short hearing to discuss additional changes needed to the proposed order. On September 29, 2022, the Court entered an order approving the Sale Motion (the "Sale Order") [ECF No. 221]. No party appealed the Sale Order.

3. <u>Committee's Limited Opposition Overruled</u>. The bulk of the October 25, 2022 hearing was allocated to the Court's consideration of the Limited Opposition, as supplementally briefed by the parties. However, counsel for the Committee failed to appear at the hearing. The Court entered an order overruling the Limited Opposition in its entirety, based, as stated in detail on the record, both on the Committee's failure to prosecute and also on the merits (the "Order Overruling the Limited Opposition") [ECF No. 235].

4. <u>IRS Stipulation Approved</u>. Prior to the September 22nd hearing, Debtor negotiated a stipulation with the IRS whereby the IRS consented to Sale Motion as well as an Estate Carveout and a Commission Carveout for the benefit of the bankruptcy estate [ECF Nos. 208 and 213] (collectively, the "IRS Stipulation"). Such a stipulation was expressly contemplated by the Sale Motion as a potential basis for its ultimate approval. The only opposition raised to the IRS Stipulation was the Limited Opposition. Therefore, once the Order Overruling the Limited Opposition was entered, no challenge to the IRS Stipulation remained. On November 3, 2022, the Court entered is Order Approving IRS Stipulation and Authorizing Release of Sale Proceeds to the IRS (the "Order Approving IRS Stipulation") [ECF No. 246].

5. <u>Appeals by the Committee</u>. On October 27, 2022, the Committee filed a *Notice of Appeal and Statement of Election* as to the Order Overruling the Limited Opposition [ECF No. 238]. On November 8, 2022, the Committee filed an *Amended Notice of Appeal and Statement of Election* as to the Order Overruling the Limited Opposition, whereby the Committee added The Brinkman Law Group, PC and Dundon Advisors LLC as additional Appellants [ECF No. 251]. This appeal has been assigned Case No. 22-1220 by the Bankruptcy Appellate Panel.

Also on November 8, 2022, the Committee filed a separate *Notice of Appeal and Statement of Election* as to the Order Approving IRS Stipulation on behalf of the Committee, The Brinkman Law Group, PC and Dundon Advisors LLC [ECF No. 252]. This appeal has been assigned Case No. 22-1228 by the Bankruptcy Appellate Panel.

Appellants' opening briefs as to both appeals are due by January 3, 2023.

The Committee moved for a stay pending appeal as to both appeals [ECF Nos. 261 and 262]. Those motions were heard on December 15, 2022 and orders were entered denying both motions [ECF Nos. 305 and 306].

6. <u>Sale Closing and True-Up</u>. The sale approved by the Sale Order closed on November 1, 2022 (the "Closing"). The purchase price to be paid by Buyer depended upon the value of unpaid Accounts Receivable ("A/R") and unbilled Work-in-Progress ("WIP") at the time of Closing. As of the Closing, the Buyer remitted a total of $3,639,925.71 to Debtor (the "Initial Closing Payment"). Pursuant to the parties' agreement, the Initial Closing Payment was to be supplemented with a further payment once Debtor and Buyer completed a "true up" of the A/R and WIP as of October 31, 2022 (the "True-Up Payment"). The True-Up Payment was agreed to be $329,876.87 and that amount was transferred to Debtor on December 2, 2022. The total purchase price paid by Buyer for the assets was $3,969,802.58 (the "Purchase Price"). Debtor filed a *Report of Sale of Substantially All of Debtor's Assets* on November 30, 2022 [ECF No. 290], outlining these calculations in more detail.

7. <u>Payment to City National Bank</u>. The Purchase Price was wired to Debtor's counsel's trust account. Pursuant to the Sale Order, Debtor was authorized and directed to pay the undisputed and allowed claim of CNB from the sale proceeds immediately upon Closing. The Sale Order further stated "[if] there is any dispute as to the amount of the demand, Debtor shall pay the undisputed amount in full and reserve for any disputed amount." Sale Order at 12:12-13. On October 28, 2022, CNB provided Debtor with a Payoff Demand Statement as of November 1, 2022 in the amount of $740,786.89, which included a claim for attorneys' fees of $241,878.50. Debtor disputed the reasonableness of attorneys' fees demand by CNB. Debtor remitted the net amount of $598,908.72 to CNB, representing the full amount owing under the loan and $100,000

of the attorneys' fees requested. As of November 2, 2022, CNB asserts that there is an outstanding balance on CNB's claim in the amount of $141,878.50. This amount is equal to the disputed amount of the attorneys' fees requested. On December 13, 2022, Debtor and CNB entered into and filed with the Court a *Stipulation to Amend City National Bank's Proof of Claim* [ECF No. 298], reflecting these amounts and amending CNB's proof of claim to the amount of $141,878.50 as of November 4, 2022. Also on December 13, 2022, the Court entered its *Order Granting Stipulation Amending City National Bank's Proof of Claim* (Claim No. 14) [ECF No. 300].

        8.      <u>Leases Resolved</u>. Upon the entry of the Sale Order, Debtor had three commercial office space leases and one lease of copier which Buyer could, at its option, elect to have Debtor assume and assign to Buyer under the terms of the court-approved Asset Purchase Agreement attached to the Sale Order (the "APA").

        Prior to Closing, Buyer advised Debtor that it did not want the copier lease. Debtor's counsel promptly contacted the lessor, Wells Fargo Vendor Financial Services, LLC fbo Ricoh USA, Inc. ("WFVFS"), to advise of the rejection of the lease and make arrangements for the pickup of the equipment subject to the copier lease. On November 4, 2022, Debtor filed and noticed its *Motion to Reject Unexpired Copier Lease with Wells Fargo Vendor Financial Services, LLC and Related Relief* (the "Copier Motion") [ECF Nos. 247-250]. No party timely objected to the Copier Motion or requested a hearing thereon. On November 30, 2022, the Court entered an order granting the Copier Motion [ECF No. 288] and setting a 30-day deadline for WFVFS to serve any lease rejection claim. On December 22, 2022, WFVFS amended its Proof of Claim, Claim No. 8, to reflect $14,582.50 in asserted lease rejection damages.

        The three office space leases were subject to the continued Lease Motion. Prior to Closing, Buyer advised Debtor that it did not want one of the three office space leases—the lease for the property commonly known as 340 Pine Street, Suite 504, San Francisco (the "Pine Lease"). Debtor advised the Court of this decision at the continued hearing on Lease Motion on October 25th and requested the entry of an order approving Debtor's rejection of the Pine Lease. After the hearing, the Court entered its *Order Granting in Part Lease Motion, Approving Rejection of Pine*

*Street Lease and Granting Related Relief* (the "Pine Lease Order") [ECF No. 236]. Pursuant to the Pine Street Order, the property subject to the Pine Lease was vacated by October 31, 2022.

Per the terms of the APA, Buyer and Debtor entered into a Transition Services Agreement whereby Buyer agreed to reimburse Debtor for all expenses related to the remaining two office leases post-Closing, for a limited period of up to 60 days or as otherwise agreed between the parties, while Buyer made it decision as to such leases. Upon closing, Buyer remitted to Debtor the amounts necessary to cover the expenses for the remaining two office leases—the leases for the property commonly known as 111 Sutter Street, Suite 550, San Francisco, California (the "Sutter Lease") and 1970 Broadway, Suite 840, Oakland, California (the "Oakland Lease")—for the month of November.

Prior to the continued hearing on the Lease Motion on November 17, 2022, Buyer advised Debtor that it did not want the Sutter Lease. Debtor advised the Court of this decision at the November 17th hearing and requested the entry of an order approving Debtor's rejection of the Sutter Lease. After the hearing, the Court entered its *Order Granting in Part Lease Motion, Approving Rejection of Sutter Lease and Granting Related Relief* (the "Sutter Lease Order") [ECF No. 274]. Pursuant to the Sutter Lease Order, the Sutter Lease premises were vacated by November 30, 2022. The hearing on the Lease Motion was further continued to December 22, 2022 as to the remaining Oakland Lease.

Buyer remitted to Debtor the amounts necessary to cover the expenses for the Oakland Lease for the month of December. Thereafter, Buyer advised Debtor that it was exercising its option to have the Oakland Lease assumed by Debtor and assigned to Buyer. Debtor, Buyer and the landlord for the Oakland Lease entered into a *Stipulation for Entry of Order Granting Debtor's Motion to Assume and Assign Oakland Lease* (the "Oakland Lease Stipulation") which was filed on December 9, 2022 [ECF No. 296]. Also on December 9, 2022, the Court entered an order approving the Oakland Lease Stipulation and vacating the December 22nd continued hearing on the Lease Motion (the "Oakland Lease Order") [ECF No. 297]. In accordance with the Oakland Lease Order, Debtor remitted the Cure Payment of $17,360 to the landlord on or about December 13, 2022.

9. *Corporate Name Change*. Among the assets sold to Buyer under the APA was the intellectual property associated with the name "Professional Technical Security Services". APA at § 2.1(a). The APA further required Debtor to both (i) change its corporate name to one that is not similar to, or confusing with, its current name and (ii) file a Motion to change the caption of this Chapter 11 case. APA at § 8.4. Debtor's corporate name was changed from "Professional Technical Security Services, Inc." to "PTSS, Inc." effective as of November 7, 2022 by filing the required *Certificate of Amendment* with the Delaware Secretary of State. On November 21, 2022, Debtor filed an *Amended Statement of Foreign Corporation* with the California Secretary of State also reflecting this change in its corporate name.

On November 9, 2022, Debtor filed and noticed *Debtor's Motion for Entry of an Order Amending Case Caption* (the "Caption Motion") [ECF Nos. 253-256]. No party timely objected to the Caption Motion or requested a hearing thereon. On December 2, 2022, the Court entered an order granting the Caption Motion and directing that the caption of this case be changed to reflect the corporate name change [ECF No. 294].

10. *Assertion of Claims by Kaiser*. Debtor provided health insurance for most of its employees through Kaiser Foundation Health Plan, Inc. ("Kaiser"). The last day Debtor's employees were employed by Debtor was October 31, 2022. Effective as of the November 1, 2022, the vast majority of Debtor's former employees were employed by Buyer and covered by new health insurance plans obtained by Buyer.

On December 15, 2022, Debtor's counsel received a letter from an attorney representing Kaiser. That letter informally asserted a pre-petition claim owing to Kaiser totaling $860,687.45 for premiums owing under Debtor's plans with Kaiser. Debtor did not list Kaiser as a creditor in its Schedules or amended Schedules. The letter also asserts an additional $1,655,154.85 was owed to Kaiser post-petition. As reflected in its Monthly Operating Reports, Debtor has continued to make payments to Kaiser post-petition. However, as detailed in Note 9 to the Notes to the Operating Report [ECF No. 311] (and similar notes for prior MORs), Debtor is behind on post-petition payments to Kaiser. The amounts owing to Kaiser, both post-petition and pre-petition (if any), are unliquidated at this time. Debtor has requested that Kaiser formerly file a claim and/or

appropriate motion to allow these matters to be appropriately considered and administered. Based on recent correspondence, Debtor is advised that Kaiser may bring a motion seeking to surcharge the secured creditors in order to obtain payment on the unpaid post-petition premiums.

11. <u>Declaration in Further Support of Stipulated B. Riley Fee</u>. Part of the relief sought by the Sale Motion was the approval of a compromised fee to B. Riley, Debtor's financial advisors coordinating the marketing and sale of the assets. Under the terms of its court-approved employment, Debtor estimated at the time the Sale Motion was filed that B. Riley would receive in excess of $375,000 under the pending offer. However, the terms of the pending offer also made clear there would be insufficient funds to fully satisfy all secured claims. To facilitate the approval of the Sale Motion, B. Riley agreed to accept a reduced total fee of $175,000, in addition to its $25,000 retainer, plus out-of-pocket expenses estimated to be between $3,500 and $4,000 paid upon closing (the "Stipulated B. Riley Fee"). Debtor was able to reach an agreement with the IRS whereby it consented to the sale free and clear of its liens and provided two related carveouts for the benefit of the bankruptcy estate—an Estate Carveout in the amount of $500,000 for the payment of administrative expenses and a Commission Carveout in the amount of $200,000 for the payment of the Stipulated B. Riley Fee. This agreement with the IRS is set forth in the IRS Stipulation described in Section 4 above.

As noted in Section 1 above, the Court approved the Sale Motion at the September 22nd hearing but reserved for separate order the disposition of the sale proceeds beyond those to be paid to secured creditor City National Bank ("CNB") on account of its undisputed security interest. As to the Stipulated B. Riley Fee specifically, the Court requested a further declaration calculating the exact amount of B. Riley's compensation from the sale absent the stipulation. B. Riley's compensation includes an Incentive Compensation component, which varies based upon the ultimate value received by Debtor from the sale. Therefore, to arrive at the exact amount B. Riley would have been entitled to under the terms of its employment, absent the compromise reached with Debtor, the final Purchase Price received from Buyer had to first be determined. The Purchase Price, in turn, varied by the value of the A/R and WIP transferred to Buyer at Closing, which was subject to a reconciliation and True-Up between the parties after the Closing. That

True-Up was completed and the final Purchase Price determined by the end of November, as reflected in the Report of Sale. [ECF No. 290.]

On December 23, 2022, Debtor filed the *Supplemental Declaration of Seth R. Freeman in Support of Approval of Stipulated B. Riley Fee under Debtor's Sale Motion* (the "Supplemental Freeman Declaration") [ECF No. 315]. As required by the Court, the Supplemental Freeman Declaration details the compensation owing to B. Riley ($307,762.78) absent its compromise with Debtor reflected in the Sale Motion. Debtor believes this declaration satisfies the only outstanding evidentiary issue related to the Stipulated B. Riley Fee. The only opposition raised to the Stipulated B. Riley Fee was the Limited Opposition by the Committee, which has been overruled in its entirety. *See* Order Overruling the Limited Opposition at 2:13-14. In light thereof, Debtor respectfully requests that the Court enter an order, similar to the Order Approving IRS Stipulation, approving the Stipulated B. Riley Fee and authorizing Debtor to pay the same from the sale proceeds currently held in trust.

12. <u>Conversion to Chapter 7</u>. Debtor believes all items related to the sale have now been completed, with the sole exception of the mutual obligations of Debtor and Buyer, under the APA, to forward any A/R payments belonging to the other party. Debtor has no other ongoing business operations at this time. The Estate Carveout will be insufficient to satisfy all administrative claims, but it will provide some return to administrative creditors. Under these circumstances, Debtor believes the most efficient and appropriate course of action is the conversion of this case to a Chapter 7 proceeding and the appointment of a Chapter 7 Trustee to oversee the distribution to creditors and to conduct additional review of Debtor's affairs. Debtor welcomes the Court's guidance as to the preferred method to obtain such conversion.

Dated: December 28, 2022

FINESTONE HAYES LLP

By: /s/ Kimberly S. Fineman
Kimberly S. Fineman
Counsel for Debtor PTSS, Inc.