Daren R. Brinkman (SBN 158698)
**BRINKMAN LAW GROUP, PC**
543 Country Club Drive, Suite B
Wood Ranch, CA 93065
Tel. (818) 597-2992
Fax (818) 597-2998
firm@brinkmanlaw.com

*Counsel for the Committee of
Creditors Holding Unsecured Claims*

| | |
|---|---|
| In re:<br><br>**PTSS, Inc. (fka Professional Technical Security Services, Inc.), a Delaware Corporation,**<br><br>　　　　　　　Debtor. | Case No. 22-30062<br><br>Chapter 11<br><br>**COMMITTEE'S STATUS CONFERNECE STATEMENT; OBJECTION TO FEE PROVISION IN FAVOR OR B. RILEY FINANCIAL ADVISORY**<br><br>Status Conference:<br>Date: January 5, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Hannah L. Blumenstiel<br><br>**Remote appearances only**<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19* |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE HANNAH L. BLUMENSTIEL, THE UNITED STATES TRUSTEE, AND ALL INTERSTED PARTIES**

COMES NOW the Committee of Creditors Holding Unsecured Claims ("<u>Committee</u>") to present this statement for the Status Conference scheduled for January 5, 2023 in the above captioned case.

1. **<u>Appeals of Orders Overruling Committee Objection to Sale Motion and Approving IRS Stipulation Are Still Pending</u>**

COMMITTEE STATUS CONFERENCE STATEMENT　　　　　　　　　　　　　　　　　　　　　1

The Committee's appeals of the Court's *Order Overruling Official Committee of Unsecured Creditors' Limited Opposition to Sale Motion* [Doc# 235] ("Objection Order") and *Order Approving IRS Stipulation and Authorizing Release of Sale Proceeds* [Doc# 246] ("Stipulation Order") are still pending and in progress. On November 8, 2022, the Committee submitted Notices of Appeal and Statements of Election for the two appeals [Docs# 251, 252] within the 14-day deadline established by Fed. R. Bankr. P. 8002(a)(1). The deadline for filing opening briefs and excerpts of record was set for January 3, 2023 in both appeals, and have already been filed in both.

The Objection Order overruled the *Committee of Creditors Holding Unsecured Claims' Limited Opposition to Debtor's Motion for Entry of Order Authorizing Sale* [Doc# 212] ("Objection"), which was filed in response to the *Debtor's Motion for Entry of an Order (I) Authorizing the Sale of Substantially All of Debtor's Assets Free and Clear of Liens, (II) Approving the Assignment of Executory Contracts, (III) Allowing Payment of Compromised Fee to B. Riley Upon Closing and (IV) Granting Related* Relief [Doc# 189] ("Sale Motion"). The Objection opposed only that portion of the Sale Motion which referred to a yet-to-be-entered stipulation between the Debtor and the IRS that was referenced in a footnote. The Debtor and IRS later entered into two stipulations: (i) the *Stipulation for Consent to Sale of Substantially All of the Debtor's Assets Free and Clear of Liens; for Carveout from Sale Proceeds and Payment of the Secured Claim ot the IRS* [Doc# 208] ("IRS Stipulation"); and (ii) the *Supplemental Stipulation for Consent to Sale of Substantially All of the Debtor's Assets Free and Clear of Liens; for Carveout from Sale Proceeds and Payment of the Secured Claim of the IRS* [Doc# 213] ("Supplemental Stipulation").

**2. B. Riley Is Not Entitled to Payment of Its Fees Ahead of Other Professionals**

The IRS Stipulation entitled the Debtor to retain from the sale proceeds a "Commission Carveout" to be paid exclusively to Debtor professional, the financial advisory firm GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services ("B. Riley"). IRS Stipulation, p. 2:7. The Supplemental Stipulation clarified that the Commission Carveout would be for $200,000. Supplemental Stipulation, p. 2:9.

On May 12, 2022, Debtor filed an *Application for Order Approving Employment of B. Riley Advisory Services as Financial Advisors* [Doc# 89] ("FA Application"). On May 19, 2022, the Court entered the *Order Approving Employment of B. Riley Advisory Services as Financial Advisor* [Doc# 103] ("FA Order"). The FA Order approved the FA Application pursuant to 11 U.S.C. § 328 "on the terms and conditions set forth in Exhibit A to the Application." FA Order, 2:1-3. Exhibit A to the FA Application includes sections allowing "Hourly Compensation," "Incentive Compensation," "Discount on Aggregate Compensation," and "Retainer." FA Application, pp. 9-11.

However, there is nothing in the FA Application or FA Order that would put the professional fees of B. Riley ahead of other professionals or administrative claimants. B. Riley's compensation might be shielded from the same scrutiny as if it were approved under 11. U.S.C. § 330 but it is still subject to the same level of *priority* as any other claim for professional fees. In addition, B. Riley has already been paid a retainer of $25,000 ahead of other claimants, pursuant to the FA Order. The fact that B. Riley has negotiated a reduced fee with the Debtor should not entitle it to payment ahead of other claims of the same type. Otherwise, there would be no reason why any other professional in this case would not immediately agree to a similar compromise.

    a. **Administrative Claims Will Be Substantial**

It already appears that the administrative claims and professional fees in this case are going to be substantial. The exact number is impossible to know at this point, because none of the professionals have disclosed their fees besides B. Riley. But in addition to the administrative claims and professional fees that were known or expected at the time of the sale, Kaiser Foundation Health Plan, Inc. ("Kaiser") has now entered the case as an interested party and potential creditor by filing its *Motion for Kaiser Foundation Health Plan, Inc. for an Order (I) Permitting the Filing of Proof of Claim After Bar Date; (II) Compelling Debtor to Immediately Reject Executory Contracts; (III) Allowing Kaiser's Administrative Priority Expense Claim; (IV) Requiring the Debtor to Immediately Pay COBRA Funds and Unpaid Employee Withholdings to Kaiser; (V) Disgorging Fees Paid to Debtor Management and Professionals and Requiring Returns of Retainers to the Estate (VI) Reconsidering Order Approving Payment of Funds to B. Riley Advisory Services; and (VII) Paying Kaiser Postpetition Healthcare Claim Prior to Payment of Professional and Insider Management Fees* [Doc# 319] ("Kaiser Motion"), requesting that the Court "authorize payment to Kaiser prior to the payment of [] other professionals." Memorandum in support of Kaiser Motion [Doc# 320], 19:12-13. The *Declaration of Janet Hamilton* [Doc# 321] ("Hamilton Declaration") argues that Kaiser is entitled to a $854,716.53 prepetition claim, as well as post-petition administrative claims in totaling $1,812,285.03. Hamilton Declaration, p. 3, ¶¶ 5, 6. Because administrative and professional claims together stand to be so high, there is no luxury of entertaining a grant of priority for B. Riley's fees.

**3. Conclusion**

Therefore, payment of the "Commission Carveout" to B. Riley should be denied and those funds should be combined with the "Estate Carveout" to be "utilized to pay administrative

claims" as provided for in the IRS Stipulation. IRS Stipulation, 3:11-12. No modification to the IRS Stipulation would even be necessary, because it already provides that "[t]o the extend the full amount of the Commission Carveout exceeds the fees and expenses approved for B. Riley, the balance shall be retained by the Debtor's estate to be utilized pursuant to the terms that apply to the Estate Carveout." IRS Stipulation, 3:7-10. B. Riley should be paid its administrative fees *pari passu* with other professionals.

Respectfully submitted this 4th day of January 2023.

*s/ Daren Brinkman*
Daren R. Brinkman (SBN 158698)
**BRINKMAN LAW GROUP, PC**
543 Country Club Drive, Suite B
Wood Ranch, CA 93065
Tel. (818) 597-2992
Fax (818) 597-2998
firm@brinkmanlaw.com

*Counsel for the Committee of
Creditors Holding Unsecured Claims*