Entered on Docket
January 05, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: January 5, 2023



_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 22-30062 HLB |
| PTSS, INC., | ) Chapter 11 |
| Debtor. | ) |

### ORDER TO SHOW CAUSE

This case came before the court on January 5, 2023 for a status conference. Appearances were as noted on the record.

The status conference statement filed by Debtor-in-Possession PTSS, Inc.[1] revealed that PTSS failed to include its pre- and post-petition health care insurance provider Kaiser Foundation Health Plan, Inc. ("Kaiser") in its schedules. Debtor concedes that, while it has made some post-petition payments to Kaiser, it is not current in its post-petition obligations to Kaiser. Debtor's most recent monthly operating report and its attachments corroborate this.[2] According to a

---

[1] Dkt. 316.

[2] Dkt. 310 (November 2022 operating report) and Dkt. 311 (Notes to the November 2022 operating report).

memorandum[3] in support of a motion[4] recently filed by Kaiser, Debtor has accrued post-petition obligations to Kaiser totaling more than $1.8 million.  The Kaiser Memo also represents that Kaiser holds a pre-petition claim against the debtor totaling more than $850,000.

The parties do not seriously dispute that this estate is administratively insolvent.  In addition to the pre- and post-petition claims asserted by Kaiser, Debtor has accrued more than $650,000 in post-petition fees and expenses payable to its counsel, accountants, and financial adviser.[5]  Counsel and the financial adviser to the Official Committee of Unsecured Creditors (the "OCUC") also have accrued fees and expenses.  It is not clear whether Debtor is current in payment of fees due to the United States Trustee.[6]  Debtor has unpaid post-petition payroll taxes totaling more than $3.4 million.

Pursuant to section 1112(b)(1),[7] where cause is shown, the court shall dismiss, convert, or appoint a Chapter 11 trustee, whichever is in the best interests of creditors.  The court has broad discretion in determining whether cause exists for purposes of section 1112,[8] and may make such a determination and

---

[3] Dkt. 320 (the "Kaiser Memo").

[4] Dkt 319.

[5] Dkt. 311.

[6] Id.

[7] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (the "Bankruptcy Code").

[8] In re Consol. Pioneer Mortg. Entities, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000), aff'd 264 F.3d 803 (9th Cir. 2001).

issue appropriate orders *sua sponte*.⁹  If the court determines that cause exists, it must also "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate."¹⁰

"Unusual circumstances" contemplates conditions that are not common in most Chapter 11 cases.¹¹  The Debtor bears the burden of demonstrating unusual circumstances where cause for conversion, dismissal, or appointment of a trustee exists.¹²

Here, the court believes cause for conversion, dismissal, or appointment of a chapter 11 trustee exists under sections **1112(b)(4)(A)** (substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation); **(b)(4)(B)** (gross mismanagement of the estate); **and (b)(4)(I)** (failure timely to pay taxes owned after the date of the order for relief and/or to file tax returns due after the date of the order for relief).  Cause might also exist under section **1112(b)(4)(K)** (failure to pay any fees or charges required under chapter 123 of title 28).

---

⁹ Kingsway Cap. Partners, LLC v. Sosa, 549 B.R. 897, 902-03 (N.D. Cal. 2016).

¹⁰ In re Sullivan, 522 B.R. 604, 612 (B.A.P. 9th Cir. 2014) (citations omitted).

¹¹ In re Hinesley Family Ltd. P'ship No. 1, 460 B.R. 547, 552 (Bankr. D. Mont. 2011).

¹² In re Warren, BAP No. EC-14-1390-PaJuKu, 2015 Bankr. LEXIS 1775, at *11-12 (B.A.P. 9th Cir. May 28, 2015).

Accordingly, the court **ORDERS** as follows:

1. On **February 9, 2023** at **10:00 a.m.**, Debtor shall appear and show cause as to why the court should not convert this case to one under Chapter 7, dismiss this case, or appoint a Chapter 11 trustee.

    The February 9 hearing will convene via Zoom. The court encourages all interested parties to consult the court's website for information about court operations during the COVID-19 pandemic. The court's website also offers information explaining how to arrange an appearance at a video hearing. If you have questions about court operations or how to participate in a video hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the court's website.

    Opposition to the relief proposed by this order shall be filed and served no later than **January 26, 2023**. No opposition may exceed 10 pages, absent prior leave of court. This page limit shall not apply to any declarations or requests for judicial notice filed in support of any opposition. Untimely opposition will be ignored.

2. If no timely opposition to the relief proposed by this order is filed, the court will deem all creditors and other interested parties unopposed to such relief, will enter an order affording that relief which the court deems in the best interests of creditors and the bankruptcy estate, and will vacate the February 9 hearing set pursuant to this order.

**\*\*END OF ORDER\*\***

## Court Service List

**All Creditors**