Jeffrey N. Pomerantz (CA Bar No. 143717)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice pending*)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jpomerantz@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Counsel for PalAmerican Security (California) Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PTSS, INC.,<br><br>　　　　Debtor. | Case No. 3:22-bk-30062-HLB<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON BUYER'S MOTION FOR AN ORDER ENFORCING THE SALE ORDER** |

PalAmerican Security (California) Inc. (the "Buyer"), hereby submits this *Application for Order Shortening Time* ("Application") pursuant to Rule 9006-1 of the Local Rules of Bankruptcy Procedure (the "Local Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order shortening time for a hearing on the *Buyer's Motion for an Order Enforcing the Sale Order* (the "Motion"),[1] filed contemporaneously herewith, which seeks, among other relief, the Debtor's immediate turnover of $717,145.41 in Customer Payments that were purchased by—and are now owned by—the Buyer. As set forth below, given the rapid dissipation of money in the Debtor's possession, emergency relief is warranted to ensure the Debtor does not wrongfully misappropriate over $700,000 of the Buyer's money. By this Application, the Buyer respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

shortening the notice required to be provided with respect to the relief requested in the Motion and scheduling a hearing on the Motion on or before January 19, 2023.

In support of this Application, the Buyer respectfully represents as follows:

## I.

## **ARGUMENT**

Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion reduce the notice period normally required for motions. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." As set forth in further detail in the Motion, the Debtor has knowingly been in wrongful possession of at least $717,145.41 of the Buyer's money for nearly a month, which represents the proceeds of Accounts that the Buyer purchased from the Debtor and which, as of the Closing Date over two months ago, are owned by the Buyer. Despite Buyer's diligent efforts, the Debtor has repeatedly rebuffed Buyer's attempts to reconcile and receive these funds, which the Debtor is explicitly holding in trust for the Buyer.

As of just a few days ago, it appears that the Debtor—which is administratively insolvent and is being woefully mismanaged[2]—has less than $1,000 in one of its bank accounts, and it is unclear to the Buyer whether the Debtor has additional funds in other of their bank accounts.[3] The Buyer understands that Debtor's counsel is holding the proceeds of the Sale in its trust account, and an emergency hearing on the Motion is further necessary to ensure such funds remain unmoved. Thus, an emergency hearing on the Motion at the Court's earliest convenience is necessary to put an immediate stop to the dissipation of what little money remains in the non-operating Debtor's possession—money that, once spent, may never again be recovered—and to ensure that the Debtor does not continue to exercise wrongful dominion over the Buyer's property.

---

[2] *See, e.g., Order to Show Cause* [Docket No. 325] (stating that the Court believes cause for conversion, dismissal, or appointment of a chapter 11 trustee exists due to, among other things, accrued post-petition obligations owing for health insurance ($1.8 million) and payroll taxes ($3.4 million)).
[3] *See Warner Dec.*at ¶ 9.

## II.

**EFFECT OF REQUESTED SHORTENING OF TIME AND PROPOSED SCHEDULE**

If this Application is granted, the period to notice a hearing on the Motion will be shortened from 21 days to seven (7) days, so that that a hearing would be held not later than January 19, 2023. The Buyer further requests that any responses or objections to the Motion be in writing and filed with the Court and served on counsel for the Buyer so as to be received no later than January 16, 2023.

## III.

**NOTICE**

Notice of this Motion has been provided by email or U.S. first class mail to the parties listed on the Master Service List. The Buyer submits that, in light of the nature of the relief requested, no other or further notice is required.

No prior request for the relief sought in this Motion has been made by the Buyer to this or any other court.

**WHEREFORE**, the Buyer respectfully requests entry of an Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 12, 2023       PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Maxim B. Litvak*
Jeffrey N. Pomerantz
Maxim B. Litvak
Steven W. Golden

Counsel for PalAmerican Security (California) Inc.

# EXHIBIT A

**(Proposed Order Shortening Time)**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice pending*)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jpomerantz@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Counsel for PalAmerican Security (California) Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PTSS, INC.,<br><br>Debtor. | Case No. 3:22-bk-30062-HLB<br><br>Chapter 11<br><br>**ORDER SHORTENING TIME ON BUYER'S MOTION FOR AN ORDER ENFORCING THE SALE ORDER** |

Upon due consideration of the *Application for Order Shortening Time on Buyer's Motion for an Order Enforcing the Sale Order* [Docket No. ●] (the "Application") filed on January 12, 2023 by the above-captioned debtors and debtors in possession (the "Debtors"), and the supporting declaration of Maxim B. Litvak filed pursuant to 11 U.S.C. section 105(a) and Rule 9006 of the Federal Rules of Bankruptcy Procedure, and all documents and evidence submitted in support of the Application, and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED**.

2. The hearing on the *Buyer's Motion for an Order Enforcing the Sale Order* ("Motion") will be held on **January [●], 2023 at [●]** via zoom.

3. Objections to the Motion must be filed and served no later than January [●], 2023. Replies, if any, must be filed and served no later than January [●], 2023.

4. No later than January [●], 2023, the Buyer shall serve the Application and the supporting declaration of Maxim B. Litvak by email or U.S. first class mail to the parties listed on the Master Service List.

** END OF ORDER **

Jeffrey N. Pomerantz (CA Bar No. 143717)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice pending*)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104

Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jpomerantz@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Counsel for PalAmerican Security (California) Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PTSS, INC.,<br><br>　　　　Debtor. | Case No. 3:22-bk-30062-HLB<br><br>Chapter 11<br><br>**DECLARATION OF MAXIM B. LITVAK IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON BUYER'S MOTION FOR AN ORDER ENFORCING THE SALE ORDER** |

I, Maxim B. Litvak, declare:

1. I am a Partner of Pachulski Stang Ziehl & Jones LLP, counsel to PalAmerican Security (California) Inc. (the "Buyer"). I make this declaration of my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of the *Application for Order Shortening Time on Buyer's Motion for an Order Enforcing the Sale Order* (the "Motion"). The Buyer requests a hearing on the Motion on shortened time so that it may be heard not later than January 19, 2023. The Buyer further requests that any responses or objections to the Motion be in writing and filed with the Court and served on counsel for the Buyer so as to be received no later than January 16, 2023.

3. The Buyer informed counsel to the above-captioned debtor and debtor in possession (the "Debtor") that they would be filing the Motion prior to doing so on January 12, 2023. As of the

time of filing this Application, the Debtor's counsel has not responded to the Buyer's request. To the extent that the Debtor complies with its obligations under the APA (as defined in the Motion) prior to a hearing on the Motion, the Buyer will inform the Court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 12th day of January, 2023 at San Francisco, California.

*/s/ Maxim B. Litvak*
Maxim B. Litvak