Jeffrey N. Pomerantz (CA Bar No. 143717)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice pending*)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jpomerantz@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Counsel for PalAmerican Security (California) Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PTSS, INC.,<br><br>Debtor. | Case No. 3:22-bk-30062-HLB<br><br>Chapter 11<br><br>**BUYER'S ADMINISTRATIVE MOTION TO FILE CERTAIN EXHIBITS TO THE DECLARATION OF TIM WARNER IN SUPPORT OF BUYER'S MOTION FOR AN ORDER ENFORCING THE SALE ORDER UNDER SEAL** |

PalAmerican Security (California) Inc. (the "Buyer") hereby submits this administrative motion (the "Administrative Motion"), pursuant to section 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)), for the entry of an order authorizing Buyer to:

(a) File portions of Exhibits 3 through 5 to the *Declaration of Tim Warner in Support of Buyer's Motion for an Order Enforcing the Sale Order* (the "Warner Declaration") under seal.

This Administrative Motion has been served on counsel for the debtor, PTSS, Inc. (the "Debtor"), and all other parties who are registered through ECF.

# I.

# FACTS

On September 29, 2022, the Court entered the *Order Granting Debtor's Motion for Entry of An Order (I) Authorizing the Sale of Substantially All of Debtor's Assets Free and Clear of Liens, (II) Approving the Assignment of Executory Contracts, (III) Allowing Payment of Compromised Fee to B. Riley Upon Closing and (IV) Granting Related Relief* [Docket No. 221] (the "Sale Order"), approving the sale of substantially all of the Debtor's assets (the "Sale") to Buyer pursuant to the *Asset Purchase Agreement* dated as of September 21, 2022 (the "APA"). Pursuant to the Sale Order, the Court "authorized and directed" the "Debtor, Buyer, and each of their respective officers, employees, agents, members, and managers . . . to fully perform under, consummate, execute, and implement" the APA. The Sale closed on November 1, 2022 (the "Closing Date"). The Debtor agreed that, from and after the Closing Date, "in the event it receives any cash or cash equivalents that properly constitute the property of Buyer in accordance with the terms of this Agreement, specifically including any proceeds or collections of the Accounts, such cash or cash equivalents shall be held by Debtor in trust for Buyer, and further shall be accounted for and paid over to Buyer promptly after its receipt. As of the date hereof, the Buyer has not received $717,145.41 in Customer Payments that are the Buyer's property pursuant to the APA and the Sale Order.

# II.

# DISCUSSION

The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . .
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

Bankruptcy Rule 9018 provides that on motion, with or without notice, the court may make any order which justice requires, *inter alia*, to protect "any entity in respect of a trade secret or other

confidential research, development, or commercial information." *See* Fed. R. Bankr. P. 9018. The Local Rules further provide that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document or portions thereof." Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)).

The Buyer seeks to provisionally seal the attachments to the emails included as Exhibit 3 and Exhibit 5 to the Warner Declaration because such exhibits reference specific customers of the Buyer and their contractual payment amounts made and thus contain commercially sensitive information. For the same reason, the Buyer seeks to provisionally seal Exhibit 4, which consists of customer checks that contain similar information.

For the reasons describe above, the Buyer believes that the relief requested herein is an appropriate exercise of this Court's authority under both section 107 of the Bankruptcy Code and Local Rule 1002-2(a) and should be granted.

### III.

### CONCLUSION

For all of the foregoing reasons, the Buyer respectfully requests that the Court grant this Administrative Motion and enter the accompanying proposed order.

Respectfully Submitted,

Dated: January 12, 2023      PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ DRAFT*
    Jeffrey N. Pomerantz
    Maxim B. Litvak
    Steven W. Golden

Counsel for PalAmerican Security (California) Inc.

Jeffrey N. Pomerantz (CA Bar No. 143717)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice pending*)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jpomerantz@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Counsel for PalAmerican Security (California) Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PTSS, INC.,<br><br>   Debtor. | Case No. 3:22-bk-30062-HLB<br><br>Chapter 11<br><br>**DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT OF BUYER'S ADMINISTRATIVE MOTION TO FILE CERTAIN EXHIBITS TO THE DECLARATION OF TIM WARNER IN SUPPORT OF BUYER'S MOTION FOR AN ORDER ENFORCING THE SALE ORDER UNDER SEAL** |

I, Jeffrey N. Pomerantz, declare as follows:

1. I am counsel to PalAmerican Security (California) Inc. ("Buyer") in the above entitled action and have personal knowledge of the facts contained in this Declaration, which are true and correct, and if sworn as a witness, I could and would testify competently thereto. I submit this declaration in support of *Buyer's Administrative Motion to File Certain Exhibits to the Declaration of Tim Warner in Support of Buyer's Motion for an Order Enforcing the Sale Order Under Seal* (the "Administrative Motion").[1]

2. *Buyer's Motion for an Order Enforcing the Sale Order Under Seal* (the "Motion") contains exhibits that reference specific customers and amounts that are attached to the supporting

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Administrative Motion.

declaration of Tim Warner. Specifically, attachments to the emails included as Exhibit 3 and Exhibit 5 to the Warner Declaration reference specific customers of the Buyer and their contractual payment amounts made and thus contain commercially sensitive information. For the same reason, the Buyer seeks to provisionally seal Exhibit 4, which consists of customer checks that contain similar information.

3. The unredacted and identical version of the relevant exhibits will be submitted to the Court under seal.

I declare under the penalty of perjury that the statements included in this Declaration are true and correct. Executed on this 12th day of January, 2023 in Los Angeles, California.

*/s/ Jeffrey N. Pomerantz*
Jeffrey N. Pomerantz

Jeffrey N. Pomerantz (CA Bar No. 143717)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice pending*)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jpomerantz@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Counsel for PalAmerican Security (California) Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 3:22-bk-30062-HLB |
| PTSS, INC., | Chapter 11 |
| Debtor. | **ORDER GRANTING BUYER'S ADMINISTRATIVE MOTION TO FILE CERTAIN EXHIBITS TO THE DECLARATION OF TIM WARNER IN SUPPORT OF BUYER'S MOTION FOR AN ORDER ENFORCING THE SALE ORDER UNDER SEAL** |

Upon due consideration of *Buyer's Administrative Motion to File Certain Exhibits to the Declaration of Tim Warner in Support of Buyer's Motion for an Order Enforcing the Sale Order Under Seal* (the "Administrative Motion") filed on January 12, 2023, by PalAmerican Security (California) Inc. ("Buyer"), and the supporting declaration of Jeffrey N. Pomerantz filed pursuant to Section 107 of title 11 of the United States Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure and Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)), and all documents and evidence submitted in support of the Administrative Motion,[1] finding the notice of the Administrative Motion to have been appropriate, and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---
[1] Terms not defined herein shall have the meaning ascribed to them in the Administrative Motion.

1. The Administrative Motion is **GRANTED**.

2. The Clerk of the Court may restrict access to the original and unredacted Exhibit 3 through Exhibit 5 to the Warner Declaration filed under seal [Dkt. ____].

3. The Motion and related Exhibits identified in paragraph 2 shall be identical in all respects to the filing that they replace, except for the portions that are redacted or under seal.

4. Nothing in the order shall affect the rights of the United States Trustee to access the original and unredacted Motion and related Exhibits identified in paragraph 2 in person at, or by a writing addressed to, the office of the Clerk of the Court.

**\*\*\*END OF ORDER\*\*\***

**COURT SERVICE LIST**

All ECF Parties

Pachulski Stang Ziehl & Jones LLP
Attorneys At Law
San Francisco, California