GREGORY S. POWELL (CA SBN 316699)
Assistant United States Trustee
TREVOR R. FEHR (CA SBN 316699)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the U.S. Trustee
450 Golden Gate Ave., Rm. 05-0153
San Francisco, California 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: Trevor.Fehr@usdoj.gov

Attorney for Tracy Hope Davis,
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PTSS, INC.,**<br><br>*Debtor*. | Bankruptcy Case No. 22-30062 HLB<br><br>Chapter 11 |

**OBJECTION OF THE UNITED STATES TRUSTEE TO**
**BUYER'S ADMINISTRATIVE MOTION TO FILE CERTAIN EXHIBITS TO THE**
**DECLARATION OF TIM WARNER IN SUPPORT OF THE BUYER'S MOTION FOR**
**AN ORDER ENFORCING THE SALE ORDER UNDER SEAL**

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), objects to the Buyer's Administrative Motion to File Certain Exhibits to the Declaration of Tim Warner in Support of Buyer's Motion for an Order Enforcing the Sale Motion For an Order Enforcing the Sale Order Under Seal (the "Seal Motion"). ECF No. 330. In support of her Objection herein, the United States Trustee shows as follows:

**INTRODUCTION**

1. An underlying purpose of the Bankruptcy Code is to promote openness and transparency. The Seal Motion should be denied because PalAmerican Security (California) Inc. ("the Movant") has failed to satisfy their legal burden to justify sealing the requested exhibits. The Movant also does not to provide sufficient factual support regarding their assertion that these exhibits "contain commercially sensitive information," failing to address (1) whether there is legitimate private or public interest in sealing, (2) what injury would occur if the exhibits are not sealed, and (3) why a less restrictive alternative is insufficient. The Seal Motion should be denied unless the proper legal and factual burdens are met. Moreover, public access to the document the Movant seeks to seal not only ensures the public's ability to review court filings, but parties and other participants in these cases, are afforded the same opportunity. For these reasons and for the reasons set forth below, the United States Trustee objects to the approval of the Seal Motion.

**A.    Background**

2. On February 1, 2022, the Debtor commenced a voluntary case under Chapter 11 of the United States Bankruptcy Code. *See* ECF No. 1.

3. The meeting of creditors under 11 U.S.C. § 341(a) was initially held on March 8, 2022, at 2:30 p.m. The meeting was continued to March 29, 2022, and concluded. *See* docket *generally*.

4. On September 29, 2022, the Bankruptcy Court entered an Order Granting Debtor's Motion for Entry of an Order Authorizing the Sale of Substantially All of Debtor's Assets ("Sale Order"). *See* ECF No. 221.

5. On January 12, 2023, the Movant filed a Motion for an Order Enforcing the Sale Order ("Motion to Enforce Sale"). ECF No. 328. This motion states that the Debtor has failed to turn over customer payments received after the closing date as required by the Sale Order. In support of that motion, the Movant filed a declaration and six exhibits. *Id*. The Movant also filed an Application for Order Shortening Time on the Motion to Enforce Sale. ECF No. 329.

6. Alongside the Motion to Enforce Sale and the Application for an Order Shortening Time, the Movant filed the Seal Motion requesting that three of the six exhibits be

sealed from public access. See ECF No. 330.

7. The Seal Motion asserts that the exhibits should be sealed under 11 U.S.C. §107(b); Federal Rule of Bankruptcy Procedure 9018; and Civil Local Rule 79-5 (applicable through Bankruptcy Local Rule 1001-2(a)). *Id*. In support of the Seal Motion, Movant states that the exhibits "reference specific customers of the Buyer and their contractual payment amounts made and thus contain commercially sensitive information." *Id*. At 3.

**B. Jurisdiction and Standing**

8. Pursuant to 28 U.S.C. §586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of Bankruptcy Code. This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has public interest standing under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498,500 (6th Cir. 1990) (describing the U.S. Trustee's role).

9. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to raise and be heard on the Objection set forth herein.

**C. Applicable Law and Authority**

10. The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978): "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is common law right of access to judicial proceedings and to inspect judicial records in civil matters. In *Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24 (2d Cir. 1994), the court stated the general rule as: "...a strong presumption of public access to court records... This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the integrity, quality, and respect in our judicial system." 21 F.3d 24, 26 (citations omitted). *See In re Continental Airlines*, 150 B.R. 334 (D. Del 1993), where the court noted,

...the strong presumption in favor of public access to judicial records and papers...". Accord, *In re Foundation for New Era Philanthropy*, 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.*, 201, B.R. 703 (Bankr. S.D.N.Y. 1996). See also, *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 429 (9th Cir. 2011) (Section 107(a) "establishes a general right of public access to bankruptcy filings.").

11. Section 107(a) has been viewed as codifying the common law right of public access to court records. The statute provides:

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

Section 107(b)(1) provides limited exceptions to the statutory right of public access to certain specified kinds of information, and one of those exceptions is for "commercial information":

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; …

12. Federal Rule of Bankruptcy Procedure 9018 provides the procedural mechanism for seeking protective relief:

> "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . "

13. The burden is on a movant to demonstrate that the interest in secrecy outweighs the presumption in favor of access. *Bank of America Nat'l Trust & Savings Assoc. v. Hotel Rittenhouse Associates*, 800 F.2d 339, 344 (3d Cir. 1986); *In re Continental Airlines*, 150 B.R. 334, 340 (D. Del. 1993). "Evidence—not just argument—is required to support the extraordinary remedy of sealing." *In re Motors Liquidation Company*, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016 (citing *In re Dreier LLP*, 485 B.R. 821, 823 (finding that "conclusory statements

in [a declaration] are not probative")). These burdens rest on a movant because the Courts and United States Trustee are charged to protect the public interest. *See e.g.; In re Motors Liquidation Co.*, 561 B.R. 36, 38 n.1 (Bankr. S.D.N.Y. 2016) ("[P]rivate parties rarely if ever object to another party's sealing motion. The Court and the United States Trustee have generally been vigilant in protecting the public interest in public access to court records.").

14. Section 107(a)'s presumption of transparency in bankruptcy proceedings reflects the critical need for public confidence and government accountability. *See In re Anthracite Capital, Inc.*, 492 B.R. 162, 173 (Bankr. S.D.N.Y. 2013) ("A court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'") (citations omitted).

15. "Confidential commercial information" is not a defined term within the Bankruptcy Code, but it has been addressed in the case law addressing Section 107(b)(1). "Confidential commercial information" is "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the [entity]." *In re Celsius Network LLC*, 644 B.R. 276, 288 (Bankr. S.D.N.Y. 2022) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994) and *Ad Hoc Protective Comm. For 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (9th B.A.P. 1982)). The disclosure of such information must "reasonably be expected to cause the entity commercial injury." *Alterra*, 353 B.R. at 75 (citing *In re Northstar Energy, Inc.,* 315 B.R. 425, 429 (Bank. E.D. Tex. 2004) and *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)). "Moreover, the Court must find that information contained in the . . . [documents] . . . 'is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'" *Alterra*, 353 B.R. at 75-76 (quoting *In re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996)). Information is not "'commercial' within the meaning of § 107(b) merely because it relate[s] to business affairs." *In re Northwest Airlines Corp.*, 363 B.R. 704, 706 (Bankr. S.D.N.Y. 2007). It must be "information which would give a competitor an unfair advantage." *Id*. (quoting *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 382 (Bankr. N.D. Ill. 1996).

5

Case: 22-30062    Doc# 332    Filed: 01/13/23    Entered: 01/13/23 09:59:10    Page 5 of 7

16. As for the content of the motion, Local Civil Rule 79-5 regarding Filing Documents Under Seal in Civil Cases, which the Movant cites as authority for the Seal Motion, states that a motion to seal must have:

> (1) a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal including an explanation of:
>
>     (i) the legitimate private or public interests that warrant sealing;
>
>     (ii) the injury that will result if sealing is denied; and
>
>     (iii) why a less restrictive alternative to sealing is not sufficient;
>
> (2) evidentiary support from declarations where necessary; and
>
> (3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

17. The sealing analysis should also consider whether the filings are made pursuant to bankruptcy rules specifically requiring the public disclosure of information. *See Northwest Airlines*, 363 B.R. at 707-08 ("we start with the fact that Bankruptcy Rule 2019 is a disclosure rule"). *In re Foundation for New Era Philanthropy*, 1995 WL 478841 (Bankr. E.D. Pa. May 18, 1995) (disclosure of creditor list required under Fed. R. Bankr. P. 1007). Further, redaction of documents "to remove only protectable information is preferable to wholesale sealing. The policy favoring public access supports making public as much information as possible while still preserving confidentiality of protectable information." *In re Celsius Network LLC*, 644 B.R. 276, 289 (Bankr. S.D.N.Y. 2022) (citing In *re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978))).

**D. The Movant Must Sustain the Burden of Proof**

18. Before the Court acts upon the Seal Motion, the Movant must meet the demanding burden their request carries. As set forth above, the principle of allowing public access to court records contravenes to the Movant's request. Public access not only ensures the public's ability to review court filings, but affords the same opportunity to parties and other

6

participants in these cases. Public access to judicial records "is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." *See In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999).

19. Moreover, the Seal Motion does not provide adequate factual support to meet the burden of their request. The Seal Motion references Civil Local Rule 79-5, but fails to provide the support outlined by Civil Local Rule 79-5(c). The Seal Motion and declaration only state that the exhibits "reference specific customers of the Buyer and their contractual payment amounts made and thus contain commercially sensitive information" (ECF No. 30) and do not provide proof of any private or public interests that warrant sealing; any argument as to what injury may occur if the exhibits are not sealed; or why less restrictive alternatives are not sufficient. Under the relevant statutory and case law, the Seal Motion and supporting declaration fail to provide sufficient facts to demonstrate that the information they seek to have sealed from public record should be accorded such treatment. *Id*. Accordingly, the Seal Motion should be denied.

**CONCLUSION**

The Bankruptcy Code and Rules place narrow limits upon sealing documents. The requirements of the Bankruptcy Code and Rules express the necessary public interest in this matter requiring full disclosure.

WHEREFORE, the United States Trustee requests that the Court deny the Seal Motion and grant such other and further relief as the Court deems appropriate.

Dated: January 13, 2023      TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ Trevor R. Fehr
TREVOR R. FEHR
Trial Attorney for the United States Trustee