Stephen D. Finestone (125675)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Debtor PTSS, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 22-30062 |
| PTSS, Inc. (fka Professional Technical Security Services, Inc.), a Delaware corporation,<br><br>Debtor. | Chapter 11<br><br>**DEBTOR'S OPPOSITION, IN PART, TO OMNIBUS MOTION BY KAISER**<br><br>Scheduled Hearing:<br>Date: February 9, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Hannah L. Blumenstiel<br><br>**Remote appearances only.**<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19* |

On January 4, 2023, Kaiser Foundation Health Plan, Inc. ("Kaiser") filed and noticed a motion seeking various relief related to Kaiser's asserted claims against the Debtor PTSS, Inc. (the "Motion") [ECF No. 319]. The Motion, as detailed in the Memorandum filed in support of the Motion (the "MPA") [ECF No. 320], asks for the following relief:

    1.    Permit Kaiser to file a proof of claim asserting a pre-petition claim of $854,716.53 after the claims bar date of June 6, 2022 has passed (the "Pre-Petition Claim");

2.  Order the Debtor to immediately reject, as executory contracts under Bankruptcy Code section 365, the Kaiser policies effective as of October 31, 2022 (the "Rejection Relief");

3.  Allow a post-petition claim of Kaiser in the amount of $1,812,285.03 as an administrative priority claim (the "Administrative Claim");

4.  Entry of an order directing the Debtor to immediately pay (i) post-petition COBRA payments from former employees totaling $3,098.92 and (ii) any employee withholdings owing to Kaiser (the "COBRA/Withholdings Relief");

5.  Entry of an order requiring the disgorgement of post-petition fees and compensation (the "Management Disgorgement") paid to "insiders" Brickell Avenue Consulting LLC ("Brickell") and GAB Holdings, Inc. ("GAB")[1];

6.  Entry of an order directing Debtor's attorneys, Finestone Hayes LLP ("FH Law"), and accountants, Bachecki, Crom & Co., LLP ("Bachecki Crom"), to return their respective court-approved retainers (the "Retainers Relief");

7.  Reconsideration of any order entered allowing the payment of funds to Debtor's financial advisor as to the sale of assets, GlassRatner Advisory & Capital Group, LLC dba B. Riley Advisory Services ("B. Riley"), and entry of an order further directing any such funds "be paid to Kaiser" (the "B. Riley Relief"); and

8.  Entry of an order directing that "Kaiser be paid from the disgorged funds and returned retainers prior to the payment of bankruptcy Professionals and Debtor Management" (the "Subordination Relief").

While Debtor does not oppose some of the relief requested, the scope of the Motion is exceedingly broad. Much of the relief requested is premature[2] and/or procedurally defective. The Motion seeks to short-circuit the requirement, pursuant to Rules 7001 *et. seq.* of the Federal Rules of Bankruptcy Procedure, that Kaiser bring an adversary proceeding against various parties for some of the relief sought.[3] Further, the Motion seeks to improperly catapult Kaiser ahead of all

---

[1] The title of the Motion is arguably inconsistent with the prayer for relief included in the "Conclusion" section of the Motion—specifically, part V of the title which asks for an order "disgorging fees paid to Debtor Management and Professionals."

[2] For example, the Motion asks the Court to "reconsider" an order that has not yet been entered as to B. Riley. *See* MPA at ¶41. Through its request that certain retainers be returned, the Motion also attacks professional fees for which fee applications have not yet been submitted.

[3] The Management Disgorgement, Retainers Relief, B. Riley Relief and Subordination Relief requests are, in whole or in part, actions against specific parties requiring an adversary proceeding.
*{footnote continued}*

other creditors—including both administrative and secured—in distributions. *See* MPA at ¶33 (requesting, without any authority cited, an order requiring Debtor to "immediately pay Kaiser" $1,809,186.11 "to the extent of available funds.").

The scope of the Motion is particularly inappropriate in light of the procedural posture of the case. Since the hearing on Sale Motion on September 22, 2022, Debtor has been explicit about its intent to move to convert the case as soon as all elements related to the sale of assets were complete. At that time, it became clear to all parties that the estate would be administratively insolvent. The Transition Agreement with Buyer took the sale closing process through December. On January 5, 2023, the Court issued its *Order to Show Cause* directing Debtor to appear on February 9, 2023 and show cause as to why the court should not convert the case to one under Chapter 7, dismiss the case, or appoint a Chapter 11 trustee [ECF No. 325]. Debtor supports the conversion of the case to one under Chapter 7 and believes it is in the best interests of all parties. It would be inappropriate to grant the sweeping relief sought by the Motion, without giving a yet-to-be-appointed trustee the opportunity to fully investigate and consider the claims asserted by Kaiser in relation to the other aspects and history of this case.

As to the Pre-Petition Claim and Administrative Claim components of the Motion, Debtor stipulates that the Kaiser should be allowed to file both a pre-petition claim and an administrative claim. The sheer number of pages in the declaration in support of the Motion makes clear that there are many issues yet to be investigated and resolved as to both. To be clear, however, Debtor opposes "allowing" any such claims at this point. The claims should be filed and subject to the same review as any other asserted claim.

Debtor does not oppose the requested Rejection Relief, provided, however, that an order granting such relief is effectively a "comfort order" to the extent the Kaiser contract is an executory contract, rather than a specific finding to that effect.

Debtor does not oppose the COBRA/Withholding Relief in principle. However, a further

---

*See* Bankruptcy Rule 7001(1), (2), (7) and (8). Since the Motion is, therefore, procedurally defective as to GAB, Brickell, FH Law, Bachecki Crom and B. Riley, Debtor raises this objection on their behalf in an effort to avoid unnecessary efforts and costs.

3

accounting will be necessary to determine the exact amounts, if any, that may have been withheld but not yet remitted to Kaiser, and will necessarily involve the future trustee.

Debtor opposes all other relief—items 5-8 above—requested by the Motion. The Motion cites no authority for the Management Disgorgement, Retainers Relief or the B. Riley Relief sought—just conclusory accusations. The sole authority cited is Bankruptcy Code section 105, which is raised as a purported basis for the Subordination Relief. *See* MPA at ¶42. However, subordination is a recognized cause of action with its own required showings—not something to be casually demanded under the Section 105 catchall. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir.2002). Also, as noted above, each of these claims for relief is procedurally defective in that they must be brought pursuant to an adversary proceeding. *See* footnote 3, *supra*.

Items 5-8 are both sweeping in scope and lacking in substance. While the management fees paid to GAB were considered in connection with Debtor's cash collateral budget at the commencement of this case, GAB is not a court-approved professional. *See* ECF Nos. 53 and 62. The propriety of fees by court-approved professionals is governed by Bankruptcy Code section 328 or 330. The terms of the employment of Brickell and B. Riley were approved under Bankruptcy Code section 328, with the review of such fees limited to that proscribed by Section 328(a). Bankruptcy Code section 330(b) does allow the disgorgement of certain professional fees in limited circumstances but also makes clear any such ultimate disgorgement is for the benefit of the estate, not one particular creditor. *See also In re Home Loan Service Corp.*, 533 B.R. 302, 305 (Bankr. N.D. Cal. 2015), *citing In re Headlee Management Corp.*, 519 B.R.452, 458-59 (Bankr. S.D.N.Y. 2014) (noting disgorgement based solely on administrative insolvency is not permitted under section 726(b) "particularly since sections 549 and 330 did not offer a disgorgement remedy in this situation."); *In re Dick Cepek, Inc.*, 339 B.R. 730 (BAP 9th Cir. 2006) (holding "a professional with a valid pre-petition security retainer that has been properly documented, disclosed and approved by the bankruptcy court cannot be required to surrender it in the interest of equal treatment under section 726(b)."). The Motion argues that the retainers of FH Law and Bachecki Crom should be returned and used to pay Kaiser's claims because these professionals knew or should have known that Kaiser was not being paid current post-petition. Even if true,

however, this is not a legal basis for disgorgement of a pre-petition retainer. *In re Tuscany Energy*, LLC, 581 B.R. 681, 690-691 (Bankr. S.D. Fla. 2018) (finding creditor would have to show debtor's counsel affirmatively engaged in wrongful conduct to avoid possessory security interest in pre-petition retainer and that mere knowledge was insufficient). Finally, as there have not been any fee applications by the estate professionals, let alone allowed fees, and all of the estate's professionals' fees are subject to the Court's approval, the Motion is not the proper mechanism for attacking such fees. The Motion fails both procedurally and substantively as to items 5-8 of the requested relief.

For the above-stated reasons, Debtor respectfully requests that the Court enter an order allowing Kaiser to file both pre-petition and administrative claims (including any executory contract rejection damages), but denying all other relief sought by the Motion.

Dated: January 17, 2023           FINESTONE HAYES LLP

By: */s/ Stephen D. Finetone*
Stephen D. Finestone
Counsel for Debtor PTSS, Inc.