Jeffrey N. Pomerantz (CA Bar No. 143717)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (*pro hac vice pending*)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street
34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jpomerantz@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

Counsel for PalAmerican Security (California) Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PTSS, INC.,<br><br>    Debtor. | Case No. 3:22-bk-30062-HLB<br><br>Chapter 11<br><br>**BUYER'S _RENEWED_ ADMINISTRATIVE MOTION TO FILE CERTAIN EXHIBITS TO THE DECLARATION OF TIM WARNER IN SUPPORT OF BUYER'S MOTION FOR AN ORDER ENFORCING THE SALE ORDER UNDER SEAL** |

PalAmerican Security (California) Inc. (the "Buyer") hereby submits this renewed[1] administrative motion (the "Administrative Motion"), pursuant to section 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)), for the entry of an order authorizing Buyer to:

---

[1] The Buyer previously filed a substantially identical motion [Docket No. 330] (the "Original Motion") and reply [Docket No. 339] (the "Reply") to the objection to the Original Motion filed by the United States Trustee [Docket No. 332] (the "Objection"). In filing the Original Motion, the Buyer utilized the procedures for filing "Highly Sensitive Material or Documents," not "Sealing or Redacting Confidential Material or Documents," both of which are found on the Court's website at https://www.canb.uscourts.gov/procedure/district/procedures-filing-redacted-or-sealed-confidential-or-highly-sensitive-documents, which included the hand delivery of the subject exhibits to the Court on January 13, 2023.

In filing this Renewed Administrative Motion, the Buyer is complying with the "Sealing or Redacting Confidential Material or Documents" procedures referenced above. Further, in order to reduce the burden on the Court and the United States Trustee, the Buyer respectfully requests that the Court treat the Objection and Reply as an objection and reply, respectively, to this Administrative Motion as if filed in response hereto.

(a) File portions of Exhibits 3 through 5 to the *Declaration of Tim Warner in Support of Buyer's Motion for an Order Enforcing the Sale Order* (the "Warner Declaration") under seal.

This Administrative Motion has been served on counsel for the debtor, PTSS, Inc. (the "Debtor"), and all other parties who are registered through ECF.

# I.

# FACTS

On September 29, 2022, the Court entered the *Order Granting Debtor's Motion for Entry of An Order (I) Authorizing the Sale of Substantially All of Debtor's Assets Free and Clear of Liens, (II) Approving the Assignment of Executory Contracts, (III) Allowing Payment of Compromised Fee to B. Riley Upon Closing and (IV) Granting Related Relief* [Docket No. 221] (the "Sale Order"), approving the sale of substantially all of the Debtor's assets (the "Sale") to Buyer pursuant to the *Asset Purchase Agreement* dated as of September 21, 2022 (the "APA"). Pursuant to the Sale Order, the Court "authorized and directed" the "Debtor, Buyer, and each of their respective officers, employees, agents, members, and managers . . . to fully perform under, consummate, execute, and implement" the APA. The Sale closed on November 1, 2022 (the "Closing Date"). The Debtor agreed that, from and after the Closing Date, "in the event it receives any cash or cash equivalents that properly constitute the property of Buyer in accordance with the terms of this Agreement, specifically including any proceeds or collections of the Accounts, such cash or cash equivalents shall be held by Debtor in trust for Buyer, and further shall be accounted for and paid over to Buyer promptly after its receipt. As of the date hereof, the Buyer has not received $717,145.41 in Customer Payments that are the Buyer's property pursuant to the APA and the Sale Order.

# II.

# DISCUSSION

The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

On request of a party in interest, the bankruptcy court shall . . .

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

Bankruptcy Rule 9018 provides that on motion, with or without notice, the court may make any order which justice requires, *inter alia*, to protect "any entity in respect of a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Bankr. P. 9018. The Local Rules further provide that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document or portions thereof." Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)).

The Buyer seeks to provisionally seal the attachments to the emails included as Exhibit 3 and Exhibit 5 to the Warner Declaration because such exhibits reference specific customers of the Buyer and their contractual payment amounts made and thus contain commercially sensitive information. For the same reason, the Buyer seeks to provisionally seal Exhibit 4, which consists of customer checks that contain similar information.

For the reasons describe above, the Buyer believes that the relief requested herein is an appropriate exercise of this Court's authority under both section 107 of the Bankruptcy Code and Local Rule 1002-2(a) and should be granted.

### III.

### CONCLUSION

For all of the foregoing reasons, the Buyer respectfully requests that the Court grant this Administrative Motion and enter the accompanying proposed order.

Respectfully Submitted,

Dated: January 20, 2023  PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Max B. Litvak*
 Jeffrey N. Pomerantz
 Maxim B. Litvak
 Steven W. Golden

Counsel for PalAmerican Security (California) Inc.

3