Entered on Docket
January 24, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




Signed and Filed: January 24, 2023

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 22-30062 HLB |
|---|---|
| PTSS, INC., | Chapter 11 |
| Debtor. | |

**ORDER DENYING PALAMERICAN SECURITY (CALIFORNIA) INC.'S RENEWED MOTION TO FILE CERTAIN EXHIBITS UNDER SEAL**

This case comes before the court on a renewed[1] motion to file certain exhibits under seal[2] filed by PalAmerican Security (California) Inc. ("PalAmerican"). The United States Trustee has opposed the Motion;[3] PalAmerican replied.[4]

PalAmerican asks the court to seal certain exhibits[5] introduced by the Declaration of Tim Warner[6] in support of

[1] By Docket Text Order entered January 19, 2023, the court denied an identical motion previously filed by PalAmerican (Dkt. 330) because it failed to file with the court unredacted versions of the allegedly confidential material so that it could evaluate the merits of PalAmerican's request.

[2] Dkt. 347 (the "Motion").

[3] Dkt. 352 (the "Opposition").

[4] Dkt. 353 (the "Reply").

[5] Dkt. 348 (the "Proposed Sealed Documents").

[6] Dkt. 328.

PalAmerican's Motion for an Order Enforcing the Sale Order.[7] The Proposed Sealed Documents include the following:

**1. Exhibit 3**[8]

This document includes a spreadsheet listing each "customer," the customer's street address, date of payment and/or invoice, check number, amount paid and/or billed, and each account's balance.

**2. Exhibit 4**[9]

This exhibit contains checks made payable to Debtor PTSS, Inc., which were received by PalAmerican after the sale of the assets to PalAmerican. PalAmerican has already redacted the account numbers on each check.

**3. Exhibit 5**[10]

This document includes a spreadsheet listing each "customer," the customer's street address, date of payment and/or invoice, check number, amount paid and/or billed, and each account's balance.

The court has reviewed the Proposed Sealed Documents, the Motion, the Opposition, and the Reply. Based on that analysis, and for the reasons that follow, the court finds and concludes that PalAmerican has failed to meet its high burden in establishing that the information contained in the Proposed

---

[7] Id.

[8] Dkt. 348-3.

[9] Dkt. 348-4.

[10] Dkt. 348-5.



Case: 22-30062 Doc# 354 Filed: 01/24/23 Entered: 01/24/23 16:51:36 Page 2 of 9

Sealed Documents should be sealed under section 107(b),[11] Bankruptcy Rule 9018, and C.L.R. 79-5.[12]

**A. Applicable Law**

Federal common law provides a right of public access to judicial records.[13] This right assumes special importance in bankruptcy because "unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system."[14] Consistent with this principle, section 107 provides that all papers filed in a bankruptcy case are public records except where redaction is necessary for the following purposes: to "(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information," or to "(2) protect a person with respect to scandalous or defamatory matter".[15] Section 107(c) also allows redaction to prevent an "undue risk of identity theft or other unlawful injury."[16]

On request of a party in interest, the bankruptcy court *shall* protect certain information, as specified in section

---

[11] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code, aka the "Bankruptcy Code", and all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

[12] Applicable here pursuant to B.L.R. 1001-2(a).

[13] In re Crawford, 194 F.3d 954, 960 (9th Cir. 1999) (citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-98 (1978)).

[14] Id.

[15] Section 107(a), (b).

[16] Section 107(c).

107(b).[17] If the information falls within the specified categories in section 107(b), the bankruptcy court is required to protect an interested party and has no discretion to deny the application.[18] Here, PalAmerican contends that the information it wishes the court to seal constitutes "commercial information" within the meaning of section 107(b).

In determining whether information is considered "commercial information" under section 107(b), courts in this circuit have looked to the prior rulings of the Second Circuit.[19] Commercial information includes information which would afford an unfair advantage to competitors by providing them with details as to the applicant's commercial activities and operations.[20] The information must be "so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors."[21] Information is not "'commercial' within the meaning of section

---

[17] The court notes that Bankruptcy Rule 9018 provides the court with more discretion than section 107(b)(1), stating that "the court *may* make any order which justice requires . . . to protect . . . any entity in respect of. . . commercial information" (emphasis added). For this reason, the court need not analyze the Motion under Bankruptcy Rule 9018, where it is not required to act under the stricter provision of section 107.

[18] In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994).

[19] See In re Mata, No. 6:13-BK-30625-MH, 2019 WL 10377718 (Bankr. C.D. Cal. Dec. 20, 2019).

[20] In re Borders Grp., Inc., 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011).

[21] In re Barney's, Inc., 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996); In re Motors Liquidation Co., 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016).



Case: 22-30062 Doc# 354 Filed: 01/24/23 Entered: 01/24/23 16:51:36 Page 4 of 9

107(b) merely because it relate[s] to business affairs."[22] It must implicate the movant's business operations.[23]

The burden of showing that the information is confidential rests on the moving party.[24] "The burden of proof is heavy, requiring an 'extraordinary circumstance or compelling need.'"[25] The moving party bears the burden of providing the court with "specific factual and legal authority demonstrating that a particular document at issue is properly classified" as protectable under section 107.[26] A movant must provide evidence, not just argument, showing that the material requires the extraordinary remedy of sealing.[27] Where a movant has met their burden and sections 107(b) or (c) do apply, any redactions must be narrowly tailored to their statutory justification; sealing documents in their entirety is disfavored.[28]

While the court need not find the material constitutes a trade secret in order to permit its filing under seal,[29] Congress

---

[22] In re Nw. Airlines Corp., 363 B.R. 704, 706 (Bankr. S.D.N.Y. 2007).

[23] In re Borders Grp., 462 B.R. at 47 (citing In re Orion Pictures, 21 F.3d at 27).

[24] In re Borders Grp., Inc., 462 B.R. at 46.

[25] In re Motors Liquidation Co., 561 B.R. at 42.

[26] In re Anthracite Cap., Inc., 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013).

[27] In re Motors Liquidation Co., 561 B.R. at 43. See also In re Dreier LLP, 485 B.R. 821 (Bankr. S.D.N.Y. 2013) (finding that "conclusory statements in [a declaration] are not probative").

[28] In re Motors Liquidation Co., 561 B.R. at 42; In re Rivera, 524 B.R. 438, 445 (Bankr. D.P.R. 2015) (quoting In re Borders Grp., Inc., 462 B.R. at 47) ("The policy favoring public access supports making public as much information as possible while still preserving confidentiality of protectable information").

[29] In re Orion Pictures Corp., 21 F.3d 24, 28 (2d Cir. 1994).



Case: 22-30062 Doc# 354 Filed: 01/24/23 Entered: 01/24/23 16:51:36 Page 5 of 9

did not intend for courts to use section 107 to prevent embarrassment or offer safe harbor for those who simply crave privacy or secrecy.[30] A movant's mere assertion that "[p]ublic disclosure of this private commercial information could negatively impact [movant's] competitive standing in the [] industry" does not satisfy the high evidentiary burden.[31]

**B. Analysis**

The court takes immediate notice that the Motion failed to offer any legal or factual evidence showing that public disclosure of the Proposed Sealed Documents would "unfairly benefit [PalAmerican]'s competition." The Motion did not even argue that the disclosure would have this result. PalAmerican only alleged that the Proposed Sealed Documents contain "commercially sensitive information," including "specific customers of [PalAmerican] and their contractual payment amounts made and . . . customer checks that contain similar information."[32] This statement alone does not meet the high burden required to classify the documents as confidential "commercial information" under section 107(b)(1).

The Motion also fails because it ignores the requirements under C.L.R. 79-5. A motion seeking to file documents under seal is required to detail the "reasons for keeping a document under

---

[30] See In re Motors Liquidation Co., 561 B.R. at 43; In re Mata, 2019 WL 10377718, at *2 (quoting In re Food Mgmt. Grp., LLC, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007)).

[31] In re Mata, 2019 WL 10377718, at *3.

[32] Dkt. 347.

seal."[33] This includes an "explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."[34] The Motion provides no explanation of any interests that justify the relief sought or of any injury that might occur if the court denies the Motion. PalAmerican also fails to explain whether a less restrictive alternative might adequately protect the material it asks the court to seal.

The Opposition raises all of the aforementioned issues. The Reply, however, attempts to cure those deficiencies. PalAmerican cites to a handful of cases outside of this circuit that have found customer lists to be considered confidential in various contexts. PalAmerican also now asserts that "there is no 'less restrictive' alternative, as both the identity of the [c]ustomers and the financial terms of their relationship with [PalAmerican] warrant protection under section 107."

PalAmerican, however, still provides the court with no factual explanation or evidence of how their customer lists publication would provide competitors an unfair advantage. The Declaration of Tim Warner[35] filed with the Reply only asserts that "maintaining the confidentiality of [PalAmerican]'s [c]ustomer lists and the terms of [PalAmerican]'s agreements with such [c]ustomers is essential to protect [PalAmerican]'s

---

[33] C.L.R. 79-5(c)(1).

[34] Id.

[35] Dkt 353-1.



Case: 22-30062 Doc# 354 Filed: 01/24/23 Entered: 01/24/23 16:51:36 Page 7 of 9

commercial information" and "that if one of [PalAmerican]'s competitors were to have access to such information, it could detrimentally affect [PalAmerican]'s business." This assertion, without any explanation or evidence, does not meet the heightened burden.[36]

Further, while the Proposed Sealed Documents contain client names and payment histories, they contain no specified terms of the agreements, no details as to the type of services being rendered to each client, nor do they contain any other information that a competitor might use to gain an advantage.

**C. Conclusion**

Accordingly, the court **ORDERS** that the Motion is hereby **DENIED.**

****END OF ORDER****

[36] In re Mata, 2019 WL 10377718, at *3.



Case: 22-30062 Doc# 354 Filed: 01/24/23 Entered: 01/24/23 16:51:36 Page 8 of 9

**Court Service List**

[None]